

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2004

# Kissell v. Dist Cncl 84

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3891

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kissell v. Dist Cncl 84" (2004). *2004 Decisions.* Paper 1073.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1073

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 02-3891

—————

MICHAEL F. KISSELL

v.

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL
EMPLOYEES, DISTRICT COUNCIL 84, AFL-CIO, COUNCIL 13;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS, STATE
CORRECTIONAL INSTITUTE OF GREENSBURG,

PA Department of Corrections, State
Correctional Institution at Greensburg,
Appellant

—————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 97-cv-00786
District Judge: The Honorable Gary L. Lancaster

—————

Argued: January 12, 2004

—————

Before: BARRY, SMITH, and GREENBERG, Circuit Judges

—————

(Opinion Filed: January 26, 2004)

—————

Howard G. Hopkirk, Esq. (Argued)
Office of Attorney General of Pennsylvania
Strawberry Square
Harrisburg, PA   17120

Attorney for Appellant


Leonard E. Sweeney, Esq. (Argued)
976 Perry Highway
Pittsburgh, PA   15237

Attorney for Appellee

---

OPINION

---

BARRY, Circuit Judge

Michael Kissell was, from 1988 until he was terminated on June 29, 1994, a corrections officer employed by the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Greensburg.  In response to his termination, Kissell filed a complaint in the Western District of Pennsylvania against the DOC for violation of the rights afforded to him under Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e *et seq.*[1]  After trial, a jury rejected Kissell's sexual harassment claim, but returned a verdict in his favor on his retaliation claim.  The DOC moved for judgment as a matter of

---

[1]Kissell also alleged violations under 42 U.S.C. § 1983 and under Pennsylvania law. The District Court dismissed these claims, and they are not relevant to this appeal.

law, which was denied, and thereafter filed a timely appeal. We have jurisdiction under 28 U.S.C. § 1291. We will affirm.

The DOC raises three issues on appeal. First, the DOC asserts that the evidence does not support the jury's finding in favor of Kissell on one component of his retaliation claim. Second, the DOC contests certain of the damages assessed against it. Finally, the DOC argues that because the jury's verdict cannot stand, neither can the District Court's order to reinstate Kissell.

To establish a *prima facie* case of retaliation in an employment discrimination suit brought under Title VII, a plaintiff "must show that (1) he was engaged in protected activity; (2) he was discharged subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the discharge." *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997). The DOC concedes that Kissell at trial established the second and third components of his case. They argue, however, that the evidence, even when viewed in Kissell's favor, does not support a finding that Kissell was engaged in a protected activity.

"As a preliminary matter, protesting what an employee believes in good faith to be a discriminatory practice is clearly protected conduct." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996) (citing 42 U.S.C. § 2000e-3(a); *Griffiths v. Cigna Corp.*, 988 F.2d 457, 468 (3d Cir. 1993)). *See also Griffiths*, 988 F.2d at 468 ("a plaintiff need not prove the merits of the underlying discrimination complaint, but only

3

that 'he was acting under a good faith, reasonable belief that a violation existed'")

(quoting *Sumner v. United States Postal Service*, 899 F.2d 203, 209 (2d Cir. 1990)).

The DOC concedes that Kissell was acting in good faith when he made his complaint. The DOC asserts, however, that Kissell's complaint was unreasonable. Thus, the issue on appeal is whether adequate evidence was presented to the jury to support a finding that Kissell reasonably believed that he was engaged in protected activity under Title VII. We "view the evidence in the light most favorable to the non-moving party, and determine whether the record contains the 'minimum quantum of evidence from which a jury might reasonably afford relief,'" *Glenn Distribs. Corp. v. Carlisle Plastics, Inc.*, 297 F.3d 294, 299 (3d Cir. 2002) (citations omitted).

The evidence sufficiently supports the jury's finding that Kissell had a reasonable, good-faith belief to complain that he was harassed because he was male even as he also had a reasonable, good faith belief that he was harassed because he was a whistle-blower. Title VII jurisprudence does not require a plaintiff's sex to be the sole motivation or even the primary motivation for the harassment. *See* 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to discharge any individual . . . *because of* such individual's . . . sex") (emphasis added); *Miller v. Cigna Corp.*, 47 F.3d 586, 593-594 (3d Cir. 1995) ("Congress, by using the phrase 'because of,' did not mean 'solely because of.'").

With regard to the damages award, we cannot conclude that $355,696 is an

4

unreasonable amount to compensate for lost back pay and fringe benefits for the nearly eight years between Kissell's termination and the jury award. Moreover, if the jury should not have been instructed on fringe benefits, it behooved the DOC to say so then, not now. Finally, because we uphold the jury's verdict, Kissell's reinstatement as a corrections officer is, as the DOC concedes, appropriate.

Because we find in the record the "'minimum quantum of evidence from which a jury might reasonably afford relief,'" we will affirm the order of the District Court denying the DOC's motion for judgment as a matter of law. *Glenn Distribs. Corp.*, 297 F.3d at 299 (citations omitted).

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

**/s/ Maryanne Trump Barry**
Circuit Judge