

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2006

# Kissell v. Dist Cncl 84

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3253

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kissell v. Dist Cncl 84" (2006). *2006 Decisions.* Paper 435.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/435

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3253
_____

MICHAEL F. KISSELL,

Appellant

v.

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,
DISTRICT COUNCIL 84, AFL-CIO, COUNCIL 13; PENNSYLVANIA
DEPARTMENT OF CORRECTIONS, STATE CORRECTIONAL INSTITUTE OF
GREENSBURG

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 97-cv-00786)
District Judge: Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
SEPTEMBER 15, 2006

BEFORE: MCKEE, FUENTES AND NYGAARD, Circuit Judges

(Filed September 20, 2006)

_____

OPINION
_____

PER CURIAM

Michael Kissell, proceeding pro se, appeals from an order of the United States

District Court for the Western District of Pennsylvania denying his motion to enforce the

judgment in his action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. For the reasons that follow, we will affirm.

Kissell worked as a correctional officer for the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution in Greensburg ("SCI - Greensburg") from 1988 until he was fired in 1994. Kissell filed a complaint in District Court against the DOC claiming, among other things, that he was terminated in retaliation for reporting incidents of sexual harassment. In 2002, a jury returned a verdict in his favor on his retaliation claim. The jury awarded Kissell compensatory damages and back pay.

Kissell then moved the District Court for an order reinstating him to his former position at SCI-Greensburg or, alternatively, an award of front pay. The DOC opposed reinstatement based upon animosity between Kissell and the staff at SCI-Greensburg and argued that Kissell should have sought front pay at trial. In September 2002, the District Court ordered Kissell's reinstatement at one of the DOC's other institutions.

The record reflects that the parties discussed Kissell's return to work at another institution in February 2004, shortly after the DOC unsuccessfully appealed from the District Court's order denying its motion for judgment as a matter of law.[1] In March 2004, Kissell filed a motion in District Court to enforce the judgment in which he again

---

[1]The District Court awarded Kissell front pay from the date of the jury's verdict to the date the DOC offered reinstatement.

sought reinstatement to his former position at SCI-Greensburg. He argued that assignment to another facility would cause hardship to him and his family because he would either be required to travel a long distance or relocate. In October 2004, after a hearing, the District Court affirmed its September 2002 order reinstating Kissell at another institution. The District Court noted that Kissell did not appeal the 2002 order or move for reconsideration. The District Court directed the DOC to offer Kissell a position within 30 days and stated that, if Kissell did not accept the position within 30 days, it would vacate the reinstatement order. The District Court denied Kissell's subsequent motion for reconsideration.

In May 2005, Kissell filed another motion to enforce the judgment. Kissell stated that he returned to work at another institution but was not afforded on-site seniority based upon his 1988 date of hire. He stated that he is consequently precluded from bidding for other jobs, and his vacation days, shifts, and pass days are adversely affected. In response, the DOC argued that Kissell received the salary he would have received if he continuously worked for the DOC, and he received bargaining unit seniority. The DOC submitted evidence establishing that a collective bargaining agreement covered on-site seniority as it relates to shift openings, and that seniority accrued based upon the date an employee began to work at a particular institution. The DOC stated that Kissell was being treated the same as other employees in this regard, and that Kissell had been placed in a position as close as possible to what he would have held had he never left the DOC.

3

The District Court denied Kissell's motion without opinion. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

In his brief, Kissell contends that his reinstatement has not made him whole for many reasons, including the fact that he has been denied on-site seniority. He argues that reinstatement to his position at SCI-Greensburg would have made him whole, and that there was no basis for the District Court's decision that he could not return to SCI-Greensburg.

Any challenge to the District Court's order of reinstatement at another institution is not properly before the Court at this time. Kissell did not appeal the District Court's September 2002 order directing reinstatement at one of the DOC's other institutions, or the District Court's October 2004 orders affirming its September 2002 reinstatement order and denying his motion for reconsideration.

Kissell's argument that he should receive on-site seniority at his new location of employment also comes too late. Although in his original petition for equitable relief Kissell generally stated he should have that seniority he would have accrued had he not been improperly terminated, the District Court's reinstatement order only provides that "he is to be reinstated to his former position as a correctional officer at one of Pennsylvania's other state correctional institutions." Dist. Ct. Order entered 9/25/02. We cannot conclude that the District Court erred in denying Kissell's current motion where he did not raise the issue of on-site seniority for more than two years after the District Court

4

ordered his reinstatement.

Kissell raises a host of other issues in his brief, including claims that he has not received certain benefits, that he has not received front pay in accordance with the District Court's order, and that his lawyer has not given him checks issued to him for his back pay award. These issues were not raised in District Court and are not properly before us. See Dluhos v. Strasberg, 321 F.3d 365, 373 (3d Cir. 2003) (declining to address claims raised for the first time on appeal).

Accordingly, we will affirm the order of the District Court.[2]

---

[2]Kissell's motion for leave to supplement the record is denied. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) (noting Court cannot consider material on appeal that is outside of the district court record).