NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2654
_____

MICHAEL F. KISSELL,
Appellant

v.

DEPARTMENT OF CORRECTIONS, STATE CORRECTIONAL
INSTITUTE OF LAUREL HIGHLANDS; PENNSYLVANIA STATE
CORRECTIONS OFFICERS ASSOCIATION

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:15-cv-00058)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2015

Before:  AMBRO, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: December 11, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Michael F. Kissell, proceeding pro se, appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing his complaint for failure to state a claim. For the reasons set forth below, we will affirm in part and vacate in part the District Court's order and will remand for further proceedings.

Kissell commenced this civil action by filing a pro se complaint naming the Pennsylvania Department of Corrections ("DOC") and the Pennsylvania State Corrections Officers Association ("PSCOA")[1] as Defendants. Kissell is a retired corrections officer who previously was employed by the DOC at both State Correctional Institution-Greensburg ("SCI-Greensburg") and State Correctional Institution-Laurel Highlands ("SCI-Laurel Highlands"). In 1997, Kissell, represented by counsel, filed suit against the DOC and the American Federation of State, County and Municipal Employees[2] pursuant to Title VII of the Civil Rights Act of 1964 ("the 1997 action") alleging, *inter alia*, that he was terminated in retaliation for reporting incidents of sexual harassment at SCI-Greensburg. The 1997 action proceeded to trial, and in 2002 a jury returned a verdict in favor of Kissell on the retaliation claim.[3] The jury awarded Kissell approximately $500,000 in compensatory damages, back pay, and lost benefits. Post-trial

---

[1]     During his employment with the DOC, Kissell was a member of the Collective Bargaining Unit represented by the PSCOA.
[2]     The AFSCME was the predecessor of the PSCOA.
[3]     The jury, however, rejected Kissell's sexual harassment claim.

motions and an appeal by the DOC[4] culminated in Kissell's reinstatement with the DOC at SCI-Laurel Highlands in 2004 and a $70,000 award of front pay.

Almost eighteen years after he initially filed suit, Kissell filed the complaint at issue here. Although the complaint is difficult to decipher, it appears that his primary allegations relate to the structure, payment schedule, and tax consequences of the award from the 1997 action, as well as alleged wrongdoing of various individuals as to that award, including his former counsel and DOC employees. Additionally, Kissell makes allegations of ongoing harassment and retaliation that continued from the time of his reinstatement until his retirement in 2014. He does not elaborate regarding the specific nature and timing of these purported incidents. The DOC and the PSCOA separately moved to dismiss Kissell's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The Magistrate Judge recommended granting the motions to the extent Kissell's complaint related to the structure and payment of the award in the 1997 action. However, the Magistrate Judge concluded that leave to amend was warranted with respect to the claims of continued hostility, retaliation, and harassment given that Kissell's civil rights complaint suffered from a lack of factual specificity rather than a flawed legal theory. The Magistrate Judge put the parties on notice that they had fourteen days to file written

---

[4] On appeal, the DOC challenged the adequacy of the evidence in support of the jury's verdict on retaliation, certain aspects of the damages awarded, and the District Court's order granting reinstatement. We affirmed. See Kissell v. Am. Fed'n of State, Cty. & Mun. Employees, 90 F. App'x 620 (3d Cir. 2004) (unpublished).

objections and added that, within that time, Kissell should file an amended complaint adequately alleging facts in support of his claims for hostility, retaliation, and harassment beyond those related to the award in the 1997 action. Kissell filed a document entitled "Plaintiff['s] Reply to Report and Recommendation," which appears to be a hybrid amended complaint/written objections. The District Court conducted a <u>de novo</u> review of the record, adopted the Report and Recommendation, granted the motions, and dismissed Kissell's complaint for failure to state a claim, without further leave to amend. The District Court explained that, "whether considered as objections or as an amendment to the complaint[,]" Kissell's hybrid filing failed to allege a claim for relief against either Defendant.

Kissell filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a Rule 12(b)(6) dismissal <u>de novo</u>. <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556, 570 (2007) (internal citation omitted)). Complaints filed <u>pro se</u> must be liberally construed, <u>see</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable

4

reading of the complaint, the plaintiff may be entitled to relief." Phillips, 515 F.3d at 233 (citation and internal quotes omitted).

We agree with the District Court that dismissal of Kissell's complaint was proper to the extent he asserted claims regarding the judgment award from the 1997 action. Kissell previously sought to challenge various aspects of this award; those challenges were rejected by the District Court in the 1997 action, and that judgment was affirmed on appeal. See Kissell v. Am. Fed'n of State, Cty. & Mun. Employees, 202 F. App'x 568 (3d Cir. 2006). Moreover, Kissell's ability to challenge that award is not limitless and cannot be accomplished by bringing an entirely new action. Accordingly, the District Court's dismissal of the complaint was proper as it related to claims arising from the award in the 1997 action. Because Kissell's claims as to that award could not be brought by a separate action, amendment would have been futile and dismissal with prejudice was proper. We, therefore, will affirm the District Court's order in part.

We do not affirm the order in its entirety because Kissell's complaint did more than simply challenge the 1997 award. Kissell titled his complaint as one for employment discrimination; he specifically noted that he was bringing his action based on Title VII, and he checked off boxes on the form indicating that he was being discriminated against on the basis of his race, gender, and disability. Kissell asserted that he was being discriminated against at SCI-Laurel Highlands for "[f]ollowing orders of management" and was "ordered to cease from proceeding through the [c]hain of command involving reported harassment of staff by staff and other violations of [l]aw."

5

(Kissell's Compl. ¶ 9h).  Kissell also alleged continuing hostility, harassment and retaliation that took place from the time he was reinstated at SCI-Laurel Highlands until he retired.  He contends that staff members at SCI-Laurel Highlands, including management, as well as union stewards, were involved in these incidents.[5]

As iterated in his complaint, Kissell's claims of continued hostility, harassment, and retaliation were vague and too speculative to survive dismissal.  See Bell Atl. Corp., 550 U.S. 555 (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level" to avoid dismissal).  That said, the claims were not per se invalid or based on a flawed legal theory, and Kissell has attempted to clarify those claims (or to seek an opportunity to do so) in his "Reply" to the Report and Recommendation and his appellate brief, as well as in the documents filed in support of his appeal before this Court.

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing

---

[5]      Unfortunately, the briefing by Appellees focuses primarily on issues related to Kissell's purported § 1983 claim and Kissell's attempt to revive challenges to the payment of his jury award.  For example, the DOC argues that the Eleventh Amendment bars a civil rights action against the DOC because it is an arm of the state that is not subject to suit under § 1983 and further asserts that any claims under § 1983 are barred by the two year statute of limitations.  Similarly, the PSCOA characterizes Kissell's complaint as his "attempt to re-litigate pay and benefits issues previously raised and completely adjudicated" in the 1997 action.  The PSCOA also argues that Kissell's action is barred under the two year statute of limitations governing § 1983 actions and that the PSCOA is not a state actor under § 1983.  These arguments fail to appreciate that Kissell's complaint did more than make allegations regarding the 1997 judgment and sought to bring claims under Title VII as well as § 1983.

so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Although the Magistrate Judge's Report and Recommendation clearly contemplated the need to provide Kissell leave to amend, the District Court dismissed Kissell's complaint without leave to amend and without determining whether amendment would be futile or inequitable. The DOC notes that the District Court did not provide any reasons for dismissing Kissell's complaint with prejudice and acknowledges that Kissell's failure to meet Iqbal's plausibility standard "only justifie[d] dismissal without prejudice and the extension of leave to file an amended complaint[,]" as opposed to a dismissal with prejudice on all claims. Although the DOC asserts that we may affirm because amendment would be futile, we disagree. We cannot say that amendment would be futile as to Kissell's claims of ongoing hostility, harassment, and retaliation. We will vacate that portion of the District Court's order. If Kissell can support those claims, such as by providing specific details regarding his allegations – the who, what, when, and where that will enable an assessment of his claims – the claims may survive dismissal. Therefore, it is not clear that amendment would be futile, and the District Court erred by dismissing Kissell's complaint in its entirety without granting him leave to amend. See Fletcher-Harlee, 482 F.3d at 251; see also Weston v. Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001) (recognizing that plaintiff should have been granted leave to amend in Title VII action to make additional factual allegations sufficient to support a Title VII claim),

abrogated on other grounds by Burlington N. & Santa Fe Ry Co. v. White, 548 U.S. 53 (2006).

For the foregoing reasons, we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion. On remand, the District Court may wish to consider whether appointment of counsel is warranted in accordance with the provisions of Title VII under the circumstances here.[6] See 42 U.S.C. § 2000e-5(f)(1) (providing that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant.")

---

[6] Although Kissell has not yet sought appointment of counsel, he begins his Reply to the Report and Recommendation by stating, "Once again the plaintiff would inform the Court that he is not an attorney" and asking for "some leniency in the presentation." He concludes his response to the PSCOA's motion to dismiss by explaining that he "does not understand a lot of the information" presented in the motion. Response at 5, ¶ 59.