**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1900
_____

MICHAEL FRANCIS KISSELL,
Appellant

v.

DEPARTMENT OF CORRECTIONS, STATE CORRECTIONAL INSTITUTE
OF LAUREL HIGHSLANDS; PENNSYLVANIA STATE CORRECTIONS
OFFICERS ASSOCIATION
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-15-cv-00058)
District Judge: Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2016

Before: SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 5, 20016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Michael Francis Kissell ("Kissell") appeals from the judgment of the United States District Court for the Western District of Pennsylvania in his civil rights case. We will affirm the District Court's dismissal.

I.

Because we write primarily for the parties, we will set forth only those facts essential to our decision. In March 2015, Kissell filed a complaint in the Western District clearly raising claims under Title VII, referencing 42 U.S.C. § 1983, and challenging portions of a 1997 judgment in his favor. The assigned Magistrate Judge recommended dismissing the initial complaint, but also giving Kissell leave to amend. After the District Court dismissed Kissell's first complaint without further leave to amend, we affirmed the dismissal of his claims relating to the 1997 case, and vacated the dismissal as to his Title VII claims. See Kissell v. Dept. of Corrs., 634 Fed. App'x 876 (3d Cir. 2015).

On remand, Kissell filed an amended complaint raising Title VII claims and a § 1983 claim against the Pennsylvania Department of Corrections ("D.O.C.") and Pennsylvania State Corrections Officer Association ("P.S.C.O.A."), and both defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). The Magistrate Judge entered two reports recommending granting the motions and dismissing the complaint with prejudice, opining that amendment would be futile as well as inequitable to the defendants. Kissell filed two sets of objections. Both asked the District Court to appoint counsel, and the second sought to add a § 1983 claim against specific individuals – essentially, he sought further leave to amend. The District Court adopted the reports and

recommendations without commenting on Kissell's requests, and dismissed his complaint without further leave to amend. Kissell timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal under Fed. R. Civ. P. 12(b)(6) is de novo. See Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013). Pro se complaints must be construed liberally, see Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), but when reviewing a motion to dismiss, "we accept the factual allegations contained in the Complaint as true, but disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009)). Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft, 556 U.S. at 678. We review the denial of a motion for leave to amend for abuse of discretion. See Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 73 (3d Cir. 2010).

On remand, Kissell filed an amended complaint attempting to reassert his Title VII claims and raising a § 1983 claim against the D.O.C. and P.S.C.O.A. He has now filed two complaints, along with objections that could be construed as attempts to amend those complaints. The Magistrate Judge's first report and recommendation determined that Kissell's Title VII claims, to the extent that they were against P.S.C.O.A., had only alleged passivity on the part of the union and not discrimination. See Angelino v. New

York Times Co., 200 F.3d 73, 95-96 (3d Cir. 1999); see also E.E.O.C. v. Pipefitters Ass'n Local Union 597, 334 F.3d 656, 660 (7th Cir. 2003). The Magistrate Judge's second report and recommendation concluded that Kissell had not stated a viable claim.

We agree with the Magistrate Judge's analysis. To state a claim for retaliation, Kissell had to allege that: "1) he engaged in conduct protected by Title VII; 2) his employer took an adverse action against him either after or contemporaneous with the protected activity; and 3) a causal link exists between his protected conduct and the employer's adverse action." See Slagle v. Cty. of Clarion, 435 F.3d 262, 265 (3d Cir. 2006). Kissell did not sufficiently allege the second and third elements of retaliation. Id. Kissell also failed to plead facts sufficient to allege discrimination on the basis of his sex, race, or disability; failed to point to parties other than P.S.C.O.A. or D.O.C. that these claims could be brought against; and otherwise failed to provide any clarity such that the District Court could fairly assess his claims. See James, 700 F.3d at 679. Given the above analysis, and that Kissell has been given several opportunities to amend his complaint, the District Court properly dismissed Kissell's complaint without further leave to amend.[1]

Accordingly, we will affirm the District Court's judgment.

---

[1] Kissell's § 1983 claim fell outside the scope of our remand. To the extent it was properly before the District Court, we agree with the District Court's determination that the claim is meritless.

4