**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3229
_____

MICHAEL F. KISSELL,
                                        Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-18-cv-01409)
Chief Magistrate Judge: Honorable Cynthia R. Eddy

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 18, 2020

Before: JORDAN, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: June 8, 2020)

_____

_____

OPINION[*]

_____

PER CURIAM

Appellant Michael Kissell sued his former employer, the Pennsylvania Department of Corrections (DOC), for retaliatory harassment and termination; he won at trial. See Kissell v. AFSCME, Dist. Council 84, 90 F. App'x 620, 621 (3d Cir. 2004) (Kissell I). Kissell was reinstated and assigned to work at a different prison. When new environs allegedly brought new, albeit familiar mistreatment, Kissell retired, and then—proceeding pro se—sued the DOC again. This time, he lost at the pleading stage. See Kissell v. Dep't of Corr., 670 F. App'x 766, 768 (3d Cir. 2016) (per curiam) (Kissell II) (explaining that Kissell "did not sufficiently allege the second and third elements of retaliation," and that he "also failed to plead facts sufficient to allege discrimination").

Many months later Kissell, through counsel, filed another suit against the DOC (Kissell III), alleging the same misconduct at issue in the prior go-round. The District Court[1] accepted the DOC's res judicata argument and granted its motion, under Federal

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] A federal magistrate judge presided, under 28 U.S.C. § 636(c)(1). According to Kissell, he never gave counsel authority to consent to magistrate judge disposition, despite evidence to the contrary. See D.C. Dkt. Nos. 8, 9. Notably, "[c]onsents to proceed before a Magistrate given by counsel for the parties are sufficient under the statute." Jurado v. Klein Tools, Inc., 755 F. Supp. 368, 370 (D. Kan. 1991) (citing Freeman v. Petsock, 820 F.2d 628, 629–30 (3d Cir. 1987)); cf. Gen. Trading Inc. v. Yale Materials Handling Corp., 119 F.3d 1485, 1495–96 (11th Cir. 1997) ("A failure to object to the authority of a magistrate judge, especially when preceded by express consent to the magistrate judge . . . , waives any

2

Rule of Civil Procedure 12(b)(6), to dismiss the complaint for failure to state a claim.[2]

Kissell, now proceeding pro se, filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016); Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).

In Kissell's opening brief, he does not address the District Court's specific ruling other than to say this: "I understand what res[ ]judicata means and [that] is the reason why I paid so much money up front to my attorney for the [petition for a] Writ of Certiorari" that was supposed to be filed to obtain review of Kissell II. Appellant's Br. 5.[3] We are, for that reason, sympathetic to the DOC's argument that Kissell's appeal should fail on the basis of waiver principles. See Appellee's Br. 10; cf. Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue will not suffice to bring that issue before this court.'" (quoting Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991) (opinion of Becker, J.))); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by

---

constitutional right to an Article III judge.").

[2] In opposing the motion to dismiss, Kissell's counsel argued only that the prior dismissal in Kissell II was void because the District Court lacked jurisdiction to rule in the absence of an EEOC right-to-sue letter. Kissell's counsel cited no legal authority for that position.

[3] Additionally, Kissell characterizes his complaint in Kissell III as having been "filed under false pretense[s] by my counsel." Appellant's Br. 1. Assuming that to be true for the sake of argument, it is difficult to understand why Kissell, through the act of filing a notice of appeal, would attempt to resurrect what he believes is essentially a sham pleading.

3

the same rules that apply to all other litigants"). However, we will instead address the merits.

Kissell III checks all of the boxes for application of the claim-preclusion strand of res judicata under federal law: (1) a judgment on the merits was entered in Kissell II; (2) Kissell II and Kissell III involve the same set of parties (Kissell and the DOC); and (3) the claims raised in Kissell III inarguably are the same as those raised in Kissell II. See Elkadrawy, 584 F.3d at 172; see also Whole Woman's Health v. Hellerstedt, 136 S. Ct. 2292, 2305 (2016) ("The doctrine of claim preclusion (the here-relevant aspect of res judicata) prohibits 'successive litigation of the very same claim' by the same parties." (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001))); Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" (citing Angel v. Bullington, 330 U.S. 183, 190 (1947); and Bell v. Hood, 327 U.S. 678 (1946))). Accordingly, the District Court did not err in granting the DOC's motion to dismiss, and the judgment will be affirmed. Kissell's motion for appointment of counsel is denied.