**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2254
_____

MICHAEL F. KISSELL,
                              Appellant

v.

PENNSYLVANIA OFFICE OF THE BUDGET LEGAL OFFICE;
BRIAN ZWEIACHER; PATSY IEZZI; CHRISTOPHER P. SKATELL;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-01715)
District Judge:  Honorable Christy Criswell Wiegand
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 4, 2025
Before:  KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: May 12, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Michael Kissell appeals the District Court's July 1, 2024 order adopting the Magistrate Judge's Report and Recommendation in full, granting Defendants' motions to dismiss, and dismissing his complaint with prejudice. Because the District Court properly dismissed Kissell's complaint as barred by sovereign immunity, res judicata, the statute of limitations, and for failure to state a claim, we will affirm the District Court's order and judgment.

I.

Kissell filed his current suit against the Pennsylvania Department of Corrections ("DOC"), the Pennsylvania Office of the Budget Legal Office, and Brian Zweiacher, a former Office of the Budget attorney, and two of his former attorneys, Christopher Skatell and Patsy Iezzi, in December 2022. Defendants all filed motions to dismiss the complaint. Kissell then filed his first amended complaint which Defendants again moved to dismiss. The District Court, based on the Magistrate Judge's recommendation, dismissed Kissell's complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8. Kissell then filed his second amended complaint.

Kissell's second amended complaint alleged that Defendants had been involved in a years-long conspiracy to deprive him of the monetary award and reinstatement he had won in a jury trial against his former employer, the DOC. Kissell alleged that this conspiracy forced him to retire early from his reinstated position and caused him to

2

commit tax fraud, and violated his rights under the First and Fourteenth Amendments, 42 U.S.C. § 1983, and 42 U.S.C. § 2000e-3(a) (Title VII), among other related state law claims. Defendants again moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

The Magistrate Judge recommended that the District Court dismiss with prejudice the entire second amended complaint for, inter alia, failure to comply with Rule 8, failure to state a claim, and as barred by the relevant statutes of limitation, sovereign immunity, and res judicata. The District Court adopted the Magistrate Judge's report in full, granting Defendants' motions to dismiss and dismissing with prejudice Kissell's second amended complaint. Kissell timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is plenary. Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016); Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009). We review a dismissal for failure to comply with Rule 8 for an abuse of discretion. *In re Westinghouse Sec. Litig.,* 90 F.3d 696, 702 (3d Cir. 1996). However, to the extent that the District Court determined that Kissell's complaint failed to state a claim under the standard articulated by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and reiterated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), our review is de novo.

3

See Klotz v. Celentano Stadtmauer & Walentowicz LLP, 991 F.3d 458, 462 (3d Cir. 2021).

Under the Twombly-Iqbal standard, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (cleaned up). Although pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

## III.

After our de novo review of the record, we agree that Kissell's § 1983 claims against Defendants Skatell and Iezzi fail because they are not state actors. We are also satisfied that Kissell's § 1983 and state law claims against the DOC and the Office of the Budget are barred because of sovereign immunity, while his Title VII claim against the DOC is barred by res judicata. We further agree that all of Kissell's claims against Zweiacher are barred by the statute of limitations. Finally, we agree that Kissell failed to state a claim as to any of his remaining state law claims.

## A.

Kissell's § 1983 claims against Defendants Skatell and Iezzi fail because they are not state actors. "[A] plaintiff seeking to hold an individual liable under § 1983 must establish that [they were] deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). "A person may be found to be a

4

state actor when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state." Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) (cleaned up). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." Id. The District Court correctly found that Skatell and Iezzi could not be found to be state actors based on the facts as alleged by Kissell. Additionally, Kissell's § 1983 conspiracy claim against Skatell and Iezzi fails because he did not "allege specific facts showing an agreement and concerted action amongst the defendants." Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998).

B.

Kissell's § 1983 claims against the DOC and the Office of the Budget are barred by sovereign immunity. The Eleventh Amendment "make[s] states generally immune from suit by private parties in federal court [and] [t]his immunity extends to state agencies and departments." MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503 (3d Cir. 2001) (cleaned up). Congress did not override the states' immunity from suit when it enacted § 1983, see Quern v. Jordan, 440 U.S. 332, 345 (1979), and Pennsylvania has expressly not waived its Eleventh Amendment immunity in federal courts. 42 Pa. Cons. Stat. Ann. § 8521(b). The District Court correctly found that because the DOC and Office of the Budget are state agencies and departments, they are immune from civil rights suits under § 1983. We further agree with the DOC and the Office of the Budget

that their Eleventh Amendment immunity in federal courts extends to Kissell's state law claims.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 103 n.12 (1984).

C.

To the extent Kissell brought Title VII claims against any party apart from the DOC, his former employer, the claims fail as a matter of law.  "Title VII prohibits unlawful employment practices by employers," see Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002), and it does not provide for individual liability.  See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996).  As for Kissell's Title VII claims against the DOC, we agree that they are barred by res judicata.

This is the fourth time Kissell has argued before us that the DOC violated his Title VII rights.  Specifically, Kissell has argued that the DOC retaliated against him for continuing to report sexual misconduct after his reinstatement and created a hostile work environment that forced him into early retirement.  See Kissell v. Dep't of Corr., 634 F. App'x 876, 879 (3d Cir. 2015) (per curiam) ("Kissell I"); Kissell v. Dep't of Corr., 670 F. App'x 766, 767-68 (3d Cir. 2016) (per curiam) ("Kissell II"); Kissell v. Pa. Dep't of Corr., 808 F. App'x 58, 59 (3d Cir. 2020) (per curiam) ("Kissell III").

In Kissell I, we vacated to allow Kissell to file an amended complaint.  634 F. App'x at 879-80.  In Kissell II, we then affirmed the District Court's with-prejudice dismissal of his Title VII claim against the DOC because Kissell had "not sufficiently allege[d] the second and third elements of retaliation."  670 F. App'x at 768.  In Kissell III, we affirmed the District Court's dismissal of Kissell's complaint on the grounds of

6

res judicata because "(1) a judgment on the merits was entered in Kissell II; (2) Kissell II and Kissell III involve[d] the same set of parties (Kissell and the DOC); and (3) the claims raised in Kissell III inarguably [were] the same as those raised in Kissell II." Kissell III, 808 F. App'x at 59. We agree that Kissell's current Title VII claims of retaliation, hostile work environment, and forced retirement are also barred by res judicata because they are inarguably the same claims he brought before us in Kissell II and Kissell III.

### D.

Kissell's claims against Zweiacher in his personal capacity are barred by the statute of limitations. "[W]e permit a limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (cleaned up). Kissell identified his specific claims against Zweiacher in Count I of his complaint. Within Count I, Kissell specifically asserted the timeframe of Zweiacher's alleged actions ranged from 2005 when he first was assigned to Kissell's case to 2012 when Kissell was advised that "overpayments were made in his name and his wages would be attached." Kissell alleges under Count II, where he identified his specific claims against Iezzi, that his claims did not accrue until December 8, 2020 when he received a transcript of his 2004-2008 taxes, because only then did he realize the full extent of the injury and that a conspiracy had occurred. However, the facts as alleged in his complaint indicate that Kissell knew in 2012 there were issues with

7

his taxes that had yet to be resolved. Because all of his federal claims against Zweiacher rest on Kissell's tax issues, the District Court properly found that Pennsylvania's discovery rule did not delay the accrual of the statute of limitations. The same statute of limitations bar applies to Kissell's state law claims against Zweiacher.

E.

Finally, to the extent any state law claims remain, we agree that Kissell failed to include "factual allegations to support any of [his] claims" sufficient to meet the Twombly-Iqbal standard. Kissell's complaint offers "formulaic recitation[s] of the elements of a cause of action" for his state law claims, Twombly, 550 U.S. at 555, while making "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678. The District Court correctly found that Kissell's "recitation of the elements" and his "assertions" did not suffice to state a claim.

IV.

For the foregoing reasons, we will affirm the District Court's order and judgment.[1]

---

[1] Kissell brought a motion for Federal Rule of Civil Procedure 11 sanctions against Appellees Skatell and Iezzi because "the defendants['] representatives [on appeal] make the argument that the appellant shows no inference or does not present facts to support his assertions." Dkt. No. 32 at 1. We deny Kissell's motion because the actions for which he seeks sanctions occurred during the appeal and not during the District Court proceedings. "On its face, Rule 11 does not apply to appellate proceedings . . . [and] [n]either the language of Rule 11 nor the Advisory Committee Note suggest that the Rule could require payment for any activities outside the context of district court proceedings." Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 406 (1990). In any event, the conduct Kissell complains about is not sanctionable under Rule 11(b) or any other ethical rules.