**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3703
_____

TERRY L. KLOTZ, on behalf of
herself and those similarly situated,
                                                            Appellant

v.

CELENTANO STADTMAUER
AND WALENTOWICZ LLP
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-00248)
District Judge: Honorable Susan D. Wigenton
_____

Argued: September 24, 2020

Before: AMBRO, PORTER, and ROTH, *Circuit Judges*.

(Filed: March 16, 2021)
_____

Scott C. Borison **[ARGUED]**
BORISON FIRM
30 North Gould Street
Sheridan, WY 82801

Yongmoon Kim
KIM LAW FIRM
411 Hackensack Avenue
Hackensack, NJ 07601

*Counsel for Plaintiff-Appellant Terry L. Klotz*

Lawrence J. Bartel **[ARGUED]**
Andrew M. Schwartz
GORDON REES SCULLY MANSUKHANI
Three Logan Square
1717 Arch Street
Philadelphia, PA 19103

*Counsel for Defendant-Appellee Celentano
Stadtmauer and Walentowicz LLP*

———————

OPINION OF THE COURT

———————

PORTER, *Circuit Judge*.

Terry Klotz's now-deceased husband received medical services from Hackensack University Medical Center (the "Hospital") and incurred a $1,580 debt. Klotz's husband did not pay the medical debt before he died, and he left no estate.

The Hospital retained Celentano, Stadtmauer and Walentowicz, LLP ("CSW") to collect the debt, and it mailed two collection letters to Klotz.

Klotz claims she is not liable for the debt and asks us to hold that the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, preempts New Jersey's common-law doctrine of necessaries (where a spouse is jointly liable for necessary expenses incurred by the other spouse). Preemption of this doctrine would allow her to pursue a case against CSW for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. We hold that the ECOA does not preempt New Jersey's doctrine of necessaries. Klotz also argues that CSW failed to follow the procedural requirements of the doctrine of necessaries and that she should be allowed to amend her complaint. We reject these additional arguments and will affirm the District Court's judgment.

**I**

Klotz believed that she was not liable for the debt, so she sued CSW for violating 15 U.S.C. §§ 1692e and 1692f of the FDCPA because CSW's collection letters sought payment of a debt that she did not owe. CSW moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Klotz owed the debt under New Jersey's common-law doctrine of necessaries because her deceased husband incurred the debt for medical treatment. The District Court agreed with CSW and dismissed the complaint with prejudice. Klotz moved under Federal Rule of Civil Procedure 59(e) for reconsideration of the District Court's order and for leave to file an amended complaint with additional allegations. The District

3

Court denied the motion, reasoning that amendment would be futile. Klotz timely appealed.

**II**

The District Court had subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). We have appellate jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014). To survive a Rule 12(b)(6) motion, a complaint must set forth enough factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party. *Foglia*, 754 F.3d at 154 n.1.

We review a district court's denial of a Rule 59(e) motion to amend the complaint for abuse of discretion, but we review the district court's underlying legal determinations de novo and factual determinations for clear error. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011). When a plaintiff moves to amend her complaint under Rule 59(e), we apply the same factors as when a party files a motion to amend a pleading under Federal Rule of Civil Procedure 15(a). *See Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Those

4

factors include whether the amendment would be futile. *Burtch*, 662 F.3d at 231. A proposed amendment to a complaint is futile if the amended complaint would fail to state a claim for relief under Rule 12(b)(6). *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

**III**

The FDCPA prohibits debt collectors from using false, misleading, and unfair debt-collection practices by seeking to collect on a debt that is not authorized by law. *See* 15 U.S.C. §§ 1692e, 1692f. As noted, Klotz believes that she does not owe her husband's medical debt. She argues that CSW's debt-collection letters misrepresent "the character, amount, or legal status of [the] debt" in violation of the FDCPA. 15 U.S.C. § 1692e(2)(A).

In response, CSW argues that Klotz had a legal obligation to pay the debt under New Jersey's common-law doctrine of necessaries. In *Jersey Shore Medical Center-Fitkin Hospital v. Estate of Baum*, the Supreme Court of New Jersey held that "both spouses are liable for necessary expenses incurred by either spouse in the course of the marriage." 417 A.2d 1003, 1005 (N.J. 1980). Additionally, a non-debtor is liable for the debts of her spouse only if "the assets of the spouse who incurred the debt are insufficient." *Id.* at 1010. CSW's arguments prevailed in the District Court.

Klotz argues the following on appeal: (1) federal law preempts the doctrine of necessaries, and thus CSW's collection effort violated the FDCPA; (2) CSW failed to follow the doctrine's procedural requirement that CSW seek repayment from her husband before seeking repayment from her; and (3)

5

she should be permitted to amend her complaint. All three arguments fail.

## A

First, Klotz argues that the ECOA preempts the doctrine of necessaries. Federal law[1] can preempt state law in three ways: (1) express preemption; (2) field preemption; or (3) conflict preemption. *Farina v. Nokia Inc.*, 625 F.3d 97, 115 (3d Cir. 2010). Conflict preemption, the only type of preemption relevant here, "exists where compliance with both state and federal law is impossible, or where the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 377 (2015) (internal quotation marks omitted) (quoting *California v. ARC Am. Corp.*, 490 U.S. 93, 100–01 (1989)).

Two principles guide a conflict-preemption analysis. First, "all preemption arguments[] must be grounded in the text and structure of the [federal] statute at issue." *Kansas v. Garcia*, 140 S. Ct. 791, 804 (2020) (internal quotation marks omitted) (quoting *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993)). Second, "there is a strong presumption against preemption in areas of the law that States have traditionally occupied." *Sikkelee v. Precision Airmotive Corp.*, 822 F.3d 680, 687 (3d Cir. 2016) (citing *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)).

---

[1] Federal regulations can also have preemptive effect. *See Fellner v. Tri-Union Seafoods, L.L.C.*, 539 F.3d 237, 243 (3d Cir. 2008).

The ECOA prohibits "any creditor" from "discriminat[ing] against any applicant, with respect to any aspect of a credit transaction[] on the basis of . . . marital status." 15 U.S.C. § 1691(a)(1). As relevant here, one regulation implementing the ECOA provides that "a creditor shall not require the signature of an applicant's spouse . . . on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested." 12 C.F.R. § 202.7(d)(1) (2021).

Klotz argues that the doctrine of necessaries conflicts with the spousal-signature prohibition found at 12 C.F.R. § 202.7(d)(1).[2] By imposing liability for her deceased husband's debt, Klotz argues, the doctrine effectively treats her as a spousal co-signer on the debt in violation of the spousal-signature prohibition. This conflict means the spousal-signature prohibition preempts the doctrine.

Putting aside questions such as whether CSW is a "creditor" and Klotz an "applicant" under the spousal-signature prohibition, we hold that the ECOA does not preempt the doctrine of necessaries because the debt is "incidental credit" exempt from the prohibition. The Federal Reserve Board may exempt certain categories of transactions from the scope of the ECOA "after making an express finding that the application of . . . any

---

[2] We cite to the Federal Reserve Board's regulations but note for completeness that much of the rulemaking authority under the ECOA was transferred to the Consumer Financial Protection Bureau ("CFPB") in 2011. The CFPB restated the Federal Reserve's regulations at 12 C.F.R. pt. 1002, 76 Fed. Reg. 79,442 (Dec. 21, 2011); *see also Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 578 (6th Cir. 2016).

provision . . . would not contribute substantially to effecting the purposes of [the ECOA]." 15 U.S.C. § 1691b(b). The agency exercised this authority by exempting "incidental credit" from the § 202.7(d) spousal-signature prohibition. *See* 12 C.F.R. § 202.3(c)(2)(v) (2021); Equal Credit Opportunity, 68 Fed. Reg. 13,144, 13,145 (March 18, 2003) (to be codified at 12 C.F.R. pt. 202). "Incidental credit refers to extensions of consumer credit . . . (i) [t]hat are not made pursuant to the terms of a credit card account; (ii) [t]hat are not subject to a finance charge . . . and (iii) [t]hat are not payable by agreement in more than four installments." *Id.* § 202.3(c)(1).

Klotz's medical debt qualifies as incidental credit because it satisfies all three criteria. She does not dispute that the debt is not related to a credit card account, not subject to a finance charge, and not subject to installment payments. *See* Equal Credit Opportunity, 68 Fed. Reg. at 13,188 (listing medical debt from a hospital or doctor that "allows the client or customer to defer the payment of a bill" as an example of incidental credit); *Mays v. Buckeye Rural Elec. Coop., Inc.*, 277 F.3d 873, 877–79 (6th Cir. 2002) (holding that money owed to an electrical utility was incidental credit under 12 C.F.R. § 202.3(c) because the utility "ha[d] no credit card accounts, d[id] not permit installment payments for electrical service, and d[id] not impose finance charges"). Because the medical debt CSW sought to collect is incidental credit exempt from the spousal-signature prohibition, CSW's attempt to collect the debt cannot violate the prohibition.

Given that the spousal-signature prohibition does not apply, we hold the ECOA and its regulations do not conflict-preempt the doctrine of necessaries. To succeed on a conflict-preemption argument, Klotz must demonstrate that the doc-

8

trine of necessaries either (1) makes compliance with the ECOA impossible or (2) "stand[s] as an obstacle to the accomplishment and execution of the full purposes" of the ECOA. *Garcia*, 140 S. Ct. at 806 (internal quotation marks omitted). The identification of the purpose "cannot be based on a free-wheeling judicial inquiry into whether a state statute is in tension with federal objectives." *Id.* at 801 (internal quotation marks and citation omitted).

CSW's use of the doctrine of necessaries complies with the ECOA because the medical debt is incidental credit exempt from the spousal-signature prohibition. Further, Klotz's attempt to invoke the general objectives of the ECOA fails, as the statute was focused on ensuring the availability of credit rather than the allocation of liability between spouses. *See Moran Foods, Inc. v. Mid-Atlantic Mkt. Dev. Co., LLC*, 476 F.3d 436, 441 (7th Cir. 2007) ("[I]t is apparent that what the Act was intended to do was to forbid a creditor to deny credit to a [married] woman on the basis of a belief that she would not be a good credit risk."). Because CSW's use of the doctrine of necessaries complies with the ECOA and does not frustrate the purpose of the ECOA, we hold the ECOA has not preempted the doctrine. *Garcia*, 140 S. Ct. at 804.

**B**

Klotz next argues that CSW failed to comply with the requirements of the doctrine of necessaries. But she did not plead adequate facts to support her argument, and her husband

does not have an estate that could pay the debt, so the argument fails.

Before resorting to the doctrine of necessaries, a creditor must "first seek satisfaction from the income and other property of the spouse who incurred the debt." *Jersey Shore*, 417 A.2d at 1005. This step ensures that the doctrine applies "only where the financial resources of the spouse who incurred the necessary expense are insufficient." *Id.* at 1010. Klotz's complaint does not allege that CSW flouted the doctrine's requirement that it first seek satisfaction from her deceased husband. Nor does the complaint allege that her husband's estate possessed funds to cover the debt. Public records— which we may consider when reviewing the grant of a Rule 12(b)(6) motion, *see Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)—explain this omission: they show that Klotz's husband does not have an estate.

Klotz argues that CSW should have sought administration of her husband's estate under N.J. Rev. Stat. § 3B:10-2 (explaining who can seek administration of an estate). *Jersey Shore* forecloses this argument. There, the "defendant's late husband[] died at the hospital after a long illness which exhausted his medicaid benefits and left a balance due the hospital of $25,709.50." *Jersey Shore*, 417 A.2d at 1004. "[The husband's] estate was insolvent, and no one [had] sought letters of administration." *Id.* Yet the Supreme Court of New Jersey permitted the creditor hospital to assert a doctrine-of-necessaries argument against the surviving wife. *See id.* at 1006–07. Klotz fails to explain what other action CSW should have taken to satisfy the requirements of *Jersey Shore*.

10

## C

Third, Klotz argues that the District Court abused its discretion by denying her motion for leave to file an amended complaint. The District Court denied Klotz's motion because the amendment would be futile. We agree.

A proposed amendment to a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted. *See Suzuki*, 227 F.3d at 121. Klotz argues that her proposed amended complaint would not be futile because it would plead that CSW's letters sought to collect an amount beyond what the doctrine of necessaries permits. CSW's letters sought to collect a debt of $1,580. Klotz pleads that her husband was a Medicare beneficiary with a Medicare deductible of $1,316, thus implying that some amount of the debt in the collection letter was not covered by Medicare. She also pleads that the collection amount "included copayments, expenses, fees, costs and/or other charges incurred on additional dates beyond the 'Date of Service' specified in the [collection letters]." App. at 123.

Even if the debt included a small amount of ancillary charges beyond the Medicare deductible of Klotz's husband, these allegations do not change whether the debt resulted from the provision of a necessary service. Indeed, necessaries can be costs that "directly or *indirectly* are designed to preserve the assets of [a] marriage or to permit [a debtor spouse] to continue his normal life, including the ability to make income and support the family either through employment or providing services or emotional well-being in the household." *See DuBois v. DeLarm*, 578 A.2d 1250, 1255 (N.J. Super. Ct. App. Div. 1990) (emphasis added). None of Klotz's proposed allegations

11

challenge whether the debt incurred falls outside the definition of a necessary under New Jersey law. Her "complaint pleads facts that are 'merely consistent with' [CSW]'s liability" but "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The District Court did not abuse its discretion when it denied Klotz's request for leave to amend for futility.

\*     \*     \*

The ECOA does not preempt New Jersey's doctrine of necessaries, so the doctrine permitted CSW to send its collection letters to Klotz without violating the FDCPA. Additionally, CSW followed the procedural requirements of the doctrine, and Klotz's filing an amended complaint would be futile. So we will affirm the District Court's judgment dismissing Klotz's complaint.