**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2555
_____

HECTOR FERRER; DAVID FERRER,
by and through his legal guardian Hector Ferrer,

*Appellants*

v.

RENETTA AIKENS, in her individual capacity; YESENIA SEDA, "YESSI," in her
individual capacity; HANS AYALA, in his individual capacity; TEANECK BOARD OF
EDUCATION; BARBARA PINSAK, in her individual capacity; VINCENT MCHALE,
in his individual capacity; CATHY TAMBURELLO, in her individual capacity;
DIRECTOR DCP&P/ASSISTANT COMMISSIONER OF THE NEW JERSEY
DEPARTMENT OF CHILDREN AND FAMILIES ("DCF");
COMMISSIONER OF DCF
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-18-cv-00254)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 24, 2021
_____

Before:  CHAGARES, HARDIMAN, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 29, 2021)

_____

OPINION[*]

_____

CHAGARES, Circuit Judge.

David Ferrer ("David") is a student with special needs in the Teaneck School District (the "District"). The District initially transported David to school by himself but later began transporting him on a bus with other students with special needs. After two of the students on his bus acted aggressively, David stopped attending school because the District would not transport him by himself and his father, Hector Ferrer ("Hector"), could not transport him to school. The New Jersey Division of Child Protection & Permanency ("DCPP") attempted to investigate Hector for educational neglect, which Hector resisted. Hector, individually and on behalf of David (the "Ferrers"), brought suit against the DCPP Defendants,[1] Cathy Tamburello, and the Teaneck Defendants,[2] alleging violations of their rights under the First, Fourth, and Fourteenth Amendments and the New Jersey Civil Rights Act. After letting the Ferrers amend their complaint, the District Court granted the defendants' motions to dismiss and denied the Ferrers' motion for reconsideration. For the reasons that follow, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We refer to Carmen Diaz-Petti, Christine Norbut Beyer, Hans Ayala, Yesenia Seda, and Renetta Aikens collectively as the "DCPP Defendants."

[2] We refer to the Teaneck Board of Education (the "Board"), Barbara Pinsak, and Vincent McHale collectively as the "Teaneck Defendants."

2

# I.

We write solely for the parties' benefit, so our summary of the facts is brief. Hector is the father and legal guardian of David, who has special needs and reached the age of majority in New Jersey in 2016. The District transported David to and from school on a bus where he was the only child present. Beginning in September 2015, the District transported David on a bus with four other students with special needs. While David was on board one day, an adult student punched the bus's window, used profanity, kicked the door, ran up and down the aisle, and threw himself onto the floor until school officials restrained him. Another student also "act[ed] up." Appendix ("App.") 78. David did not want to take the bus with the other students anymore and would only go to school if his father drove him because the District did not provide individual transportation for him. Because Hector was unable to transport him, David stopped attending school.

Cathy Tamburello, a supervisor at David's school, contacted the DCPP and "assert[ed] that Hector [] was committing educational neglect." App. 80. Two DCPP caseworkers — Yesenia Seda and Hans Ayala — visited the Ferrers' home the following day to investigate the educational-neglect claim. DCPP caseworkers visited the Ferrers' home again a few weeks later, after DCPP received another educational-neglect report. Hector and DCPP subsequently exchanged several letters in which DCPP demanded that Hector submit to an investigation and Hector demanded that DCPP caseworkers "cease and desist" their investigation. App. 84. Seda visited the Ferrers' residence again, and Hector again told her to leave.

3

DCPP subsequently filed a complaint in New Jersey state court, alleging educational neglect. The court ordered that Hector allow DCPP to search his home. This search occurred in December 2015. The court dismissed the case in January 2016. On David's eighteenth birthday, DCPP sent a letter to Hector in which it stated that it would no longer provide services to David.

The Ferrers filed suit in the District Court, alleging that the defendants had violated their rights under the First, Fourth, and Fourteenth Amendments and the New Jersey Civil Rights Act. The Ferrers also sought an injunction "requiring that the explicit instruction and policy be made requiring [DCPP] workers to refrain from abuse of process." App. 92. The District Court dismissed the amended complaint under Federal Rule of Civil Procedure 12(b)(6), reasoning, inter alia, that the defendants were entitled to qualified immunity and that the court would not exercise supplemental jurisdiction over the state-law claims. The Ferrers filed a motion for reconsideration, which the District Court denied. The Ferrers timely appealed.

II.

The District Court had subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's decision to grant a Rule 12(b)(6) motion to dismiss. City of Edinburgh Council v. Pfizer, Inc., 754 F.3d 159, 166 (3d Cir. 2014). To survive a Rule 12(b)(6) motion, the complaint must "set forth enough factual allegations to 'state a claim to relief that is plausible on its face.'" Klotz v. Celentano Stadtmauer & Walentowicz LLP, 991 F.3d 458, 462 (3d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4

We accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiffs' favor. N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp., 760 F.3d 297, 302 (3d Cir. 2014). We review the court's decision to deny a motion for reconsideration for abuse of discretion. United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018).

A.

As a preliminary matter, the Ferrers seek injunctive relief in the form of an order requiring Carmen Diaz-Petti and Christine Norbut Beyer, two of the DCPP Defendants, to create a policy requiring DCPP caseworkers "to refrain from abuse of process." App. 92. This aspect of the case, however, is now moot.

A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Cnty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). David Ferrer became an adult in 2016, meaning that the DCPP Defendants no longer have reason to investigate any alleged abuse or neglect. See N.J. Stat. Ann. § 9:2-13(b) ("The word 'child' means any person under 18 years of age."); see also id. § 9:6-8.21(c) ("'Abused or neglected child' means a child less than 18 years of age . . . whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as the result of the failure of his parent or guardian . . . to exercise a minimum degree of care [] in supplying the child with adequate . . . education . . . .").

Because David is now over the age of eighteen, the Ferrers cannot plausibly allege that they will encounter DCPP again, so their request for injunctive relief is moot.

## III.

The Ferrers contend that the DCPP Defendants[3] are not entitled to qualified immunity because there is a constitutional right under the Fourteenth Amendment to be free from baseless state investigations for child neglect and a constitutional right under the Fourth Amendment to be free from unlawful investigations and searches. The DCPP Defendants argue that they are entitled to qualified immunity because they did not violate any constitutional rights and, even if they did, these rights were not clearly established. We agree that the DCPP Defendants are entitled to qualified immunity.

### A.

When determining whether qualified immunity is applicable, courts consider: 1) "whether the facts that a plaintiff has shown make out a violation of a constitutional right"; and 2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Spady v. Bethlehem Area Sch. Dist., 800 F.3d 633, 637 (3d Cir. 2015) (quoting Pearson v. Callahan, 555 U.S. 223, 232 (2009)) (alteration omitted). With respect to the Fourteenth Amendment, although parents have the right to care for and have custody of their children, this right is not absolute. See Lehr v.

---

[3] To the extent that the amended complaint alleged that the Teaneck Defendants — more specifically, Pinsak — and Tamburello also violated the Ferrers' Fourth and Fourteenth Amendment rights, the Ferrers did not address these defendants in their opening brief and have thus forfeited this argument. See Barna v. Bd. of Sch. Dirs., 877 F.3d 136, 145 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing.").

Robertson, 463 U.S. 248, 258 (1983); Croft v. Westmoreland Cnty. Child. & Youth Servs., 103 F.3d 1123, 1125 (3d Cir. 1997). This "right to familial integrity" consequently "does not include a right to remain free from child abuse investigations." Croft, 103 F.3d at 1125. The state actors must, however, have "some reasonable and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." Id. at 1126.

Here, the DCPP Defendants received reports of alleged educational neglect because David had not been attending school. They consequently had reasonable and articulable evidence that gave rise to a reasonable suspicion that David's education was being neglected, which justified their investigation. The DCPP Defendants' investigation thus did not violate the Ferrers' Fourteenth Amendment rights, especially given that there is no right to remain free from child abuse investigations, so the DCPP Defendants are entitled to qualified immunity. We accordingly will affirm.

B.

The DCPP Defendants are likewise entitled to qualified immunity with respect to the Ferrers' claim under the Fourth Amendment. The Fourth Amendment protects against unreasonable searches and seizures. A search is reasonable and thus does not violate the Fourth Amendment if the state actor "establish[es] probable cause to believe that evidence will be found on the person to be searched and obtain[s] permission to conduct the search from a neutral and detached magistrate." United States v. Ward, 131 F.3d 335, 340 (3d Cir. 1997). Searches are also reasonable if the party to be searched consents. Fernandez v. California, 571 U.S. 292, 306 (2014).

7

These requirements have been met in this case. The New Jersey state court issued an order requiring that Hector allow DCPP to inspect his residence and access areas of the residence that David accessed. The court's order noted that Hector agreed to meet with a DCPP caseworker and allow the caseworker to search his residence.[4] Hector's consent thus renders the search reasonable. Even if Hector had not consented, the DCPP Defendants did not violate his Fourth Amendment rights because the neutral and detached state court issued an order that was based on probable cause, given that DCPP had received reports that Hector was preventing David — who was a minor at the time — from attending school. Because the DCPP Defendants did not violate the Ferrers' Fourth Amendment rights, we will affirm the District Court's decision.

IV.

The Ferrers also argue that the Teaneck Defendants and Tamburello retaliated against them after Hector made public complaints about and filed suit against the Board. A plaintiff asserting a First Amendment retaliation claim must allege: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Indep.

---

[4] The Ferrers' amended complaint alleges that "[Hector Ferrer] submitted only under duress" and that the court issued the order "without legal authority." App. 86. Because the Ferrers' Fourth Amendment claim is based in part on the court order, we may consider the text of the order. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them.").

Twp., 463 F.3d 285, 296 (3d Cir. 2006). To meet the third element, the plaintiff "usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).

Here, the amended complaint alleges 1) that the Board and Pinsak retaliated against the Ferrers by "instituting a policy that [the Board] would not provide individual busing to students"; 2) that Pinsak retaliated by "contribut[ing] to the unconstitutional [DCPP] investigation" against Hector; and 3) that Tamburello retaliated by reporting Hector to DCPP for educational neglect. App. 90. The amended complaint does not explain how any of these alleged acts of retaliation are causally linked to the Ferrers' constitutionally protected conduct, so it has failed to state a claim for relief that is plausible on its face. See Klotz, 991 F.3d at 462.

V.

District courts may decline to exercise supplemental jurisdiction over claims where the court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009). Here, the District Court dismissed all of the Ferrers' federal claims, leaving only the state-law claim, so the prerequisites for § 1367(c)(3) were met. We will affirm the District Court's exercise of its discretion.

We will similarly affirm the District Court's order denying the Ferrers' motion for reconsideration because the Ferrers did not show: "(1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).[5]

## VI.

For the foregoing reasons, we will affirm the District Court's Orders.

---

[5] We have considered all other arguments the Ferrers made and conclude that they are without merit.