NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1933

_____

SCOTT A. HAUSE,

Appellant

v.

CITY OF SUNBURY; DAVID PERSING
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 4-17-cv-02234)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 16, 2021
_____

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*.

(Opinion Filed:  March 11, 2022)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge.*

Scott Hause, a former police officer in the City of Sunbury, Pennsylvania, filed a complaint against the City of Sunbury and Sunbury's Mayor, David Persing (collectively, Appellees), claiming he was terminated from his position in violation of the Age Discrimination in Employment Act ("ADEA") and in violation of his First Amendment right to freedom of association. The District Court dismissed his complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Although the District Court allowed Hause to file an amended complaint, it also failed to state a claim. No further leave to amend was permitted. Hause sought reconsideration of that decision, which the District Court denied. Hause seeks review of the District Court's decisions. For the reasons set forth below, we will vacate the District Court's decisions and remand for further proceedings consistent with this opinion.

## A. Background[1]

The factual allegations in the first amended complaint are sparse. Hause asserts that he was a police officer in Sunbury for thirteen years. He was qualified for his position based on his certifications and training, and had received satisfactory performance evaluations and several commendations. He had, however, been disciplined

---

[1] The facts are drawn from the first amended complaint. As we are reviewing a motion to dismiss, we accept the facts in the complaint as true. *Klotz v. Celentano Stadtmauer & Walentowicz LLC*, 991 F.3d 458, 462 (3d Cir. 2021) ("When reviewing a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party.").

once.

From January 2014 until his termination on September 1, 2016, Hause served as president of the Sunbury Police Officers Association ("SPOA"), "a collective bargaining unit . . . representing law enforcement officers employed by Sunbury." App. 43-44. In that position, he engaged in renegotiating the collective bargaining agreement between Sunbury and the SPOA in 2015. At issue during the renegotiations were various benefits for officers with over 20 years of service, including longevity. When the renegotiations reached an impasse, Sunbury and the SPOA engaged in binding arbitration, which resulted in an award that maintained for the officers some of the benefits.

According to Hause, following the arbitration hearing, "Sunbury embarked on a policy and course of conduct to terminate, harass and intimidate every bargaining unit member over the age of 40, including Hause, entitled to receive longevity . . . and other benefits related to time in service." App. 45. Essentially, Sunbury "create[ed] a hostile work environment based on age and terminat[ed] Hause based on his age" in violation of the ADEA, App. 43, and retaliated against him for his association with the SPOA, in violation of the First Amendment.

Appellees moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Hause failed to state a claim. Alternatively, the motion sought to compel arbitration, pursuant to 9 U.S.C. §§ 3 and 4. In addition, Appellees filed a motion asking the District Court to take judicial notice of an arbitration opinion and award resolving a grievance filed by Hause alleging that Sunbury violated the CBA when it terminated him.

The District Court granted the motion to dismiss and denied the motion to take judicial notice, and declined to consider the motion to compel.

As allowed by the District Court, Hause filed an amended complaint. Again, Appellees moved to dismiss, or, in the alternative, to compel arbitration. Appellees also renewed their motion to take judicial notice of the arbitration award. The District Court granted the motion to dismiss, denied Hause an opportunity to amend, denied the motion to take judicial notice, and found the motion to compel arbitration was moot.

## B. Discussion[2]

We review a district court's decision dismissing a complaint de novo. *Klotz v. Celentano Stadtmauer & Walentowicz LLC*, 991 F.3d 458, 462 (3d Cir. 2021).

In this case, our de novo review revealed an issue we must address before considering the motion to dismiss. That issue is the resolution of the motion to compel arbitration. The Federal Arbitration Act provides that when a party moves to compel arbitration, and provided, of course, that the court has jurisdiction to begin with,[3] "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] As the Supreme Court observed in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, Section 4 of the FAA "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." 460 U.S. 1, 26 n. 32 (1983).

4

arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

The Supreme Court has commented that, "[b]y its terms, the [Federal Arbitration] Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). While we have not ruled precedentially that a motion to compel arbitration must be resolved prior to taking other action in a case, other circuits have done so. *See, e.g., Reyna v. Int'l Bank of Com.*, 839 F.3d 373, 378 (5th Cir. 2016) ("Upon a motion to compel arbitration, a court should address the arbitrability of the plaintiff's claim at the outset of the litigation."); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (District Court erred when "the court refused to consider the merits of the motion to compel arbitration because of the pending venue challenge").

In short, what we draw from the clear language of the statute, the comments from the Supreme Court, and the holdings of other circuits is that, at least in the typical case, courts should rule on a motion to compel arbitration before resolving the case on alternative, nonjurisdictional grounds.

While a much-delayed motion to compel arbitration may result in a loss of a party's ability to enforce an arbitration agreement, *see Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011), Appellees here moved at the same time to dismiss or

5

alternatively to compel arbitration. Without any issue in that respect, only a pure question of law remains: whether the District Court should have addressed the motion to compel arbitration before the contemporaneously-filed motion to dismiss under Rule 12(b)(6). Although neither party has raised the question of the prioritization of the motion to compel arbitration on appeal, we can rule on this question since it is a pure question of law that requires correction. *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 148 (3d Cir. 2017) (noting that declining to decide a forfeited "pure question of law" "would problematically permit the District Court's pure legal error to stand uncorrected"). Since "[i]t is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below," *Singelton v. Wulff*, 428 U.S. 106, 120 (1976), we will remand so that the District Court can decide the issue in the first instance.

## C. Conclusion

For the reasons set forth above, we will vacate the decision of the District Court and remand this case for further proceedings consistent with this opinion.