**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1618
_____

ACADEMY HILL, INC.; MERRICK WILSON;
RIVER VALLEY HEIGHTS CORPORATION,
Appellants
v.

CITY OF LAMBERTVILLE; JOSEPH JINGOLI & SONS, INC.;
JOSEPH JINGOLI, JR.; MICHAEL JINGOLI; DAVID DELVECCHIO

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:19-cv-00426)
District Judge: Honorable Brian R. Martinotti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 31, 2022
_____

Before: CHAGARES, Chief Judge, SHWARTZ, Circuit Judge, and ROSENTHAL,
District Judge.*

(Filed: April 12, 2022)
_____

OPINION**
_____

---

* Honorable Lee H. Rosenthal, Chief U.S. District Judge for the Southern District
of Texas, sitting by designation.
** This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

ROSENTHAL, <u>District Judge</u>.

Merrick Wilson, Academy Hill, Inc., and River Valley Heights Corporation ("Plaintiffs") own parcels of land in Lambertville, New Jersey. Supp. App'x 1. In 2018, the City of Lambertville passed a resolution declaring an area that included the Plaintiffs' tract as property in need of redevelopment. The resolution authorized the City to acquire property in the area by condemnation. The Plaintiffs sued, alleging that the City had "taken the property of the Plaintiffs without due compensation by declaring the property . . . to be an area in need of rehabilitation." Supp. App'x 2. The Plaintiffs also alleged a conspiracy between the then-mayor, David DelVecchio, and his employer, Jingoli & Sons, Inc., and Joseph Jingoli, Jr. and Michael Jingoli (the "Jingoli Defendants"), to deprive the Plaintiffs of the economic value of their property. Supp. App'x 9. The Plaintiffs and the Jingoli Defendants are competitors in the construction business; the alleged conspiracy was to prevent the Plaintiffs from getting City approval to develop the property.

The District Court dismissed the Plaintiffs' claims. The Court held that the Plaintiffs had failed to allege a plausible violation of the Fifth Amendment Takings Clause or a conspiracy to violate Plaintiffs' substantive due process rights. We agree and will affirm.

I

We have jurisdiction under 28 U.S.C. § 1291.[1] We review a district court's dismissal under Rule 12(b)(6) de novo, accepting all well-pleaded factual allegations as

---

[1] The District Court gave the Plaintiffs 30 days to amend their complaint after dismissal. The Plaintiffs instead appealed. The Court then dismissed the Plaintiffs'

true and drawing all reasonable inferences in the Plaintiffs' favor. *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014). To survive a Rule 12(b)(6) motion, the complaint must "set forth enough factual allegations to 'state a claim to relief that is plausible on its face.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II

We note at the outset that the Plaintiffs' filed amended complaint includes few factual allegations. When the Plaintiffs moved to amend their original complaint, they attached as an exhibit a proposed amended complaint that was almost 40 pages long and included a nearly 100-paragraph section entitled "Factual Background Common to All Counts." District Ct. Dkt. 35-3. The magistrate judge granted in part and denied in part the Plaintiffs' motion to amend. The Plaintiffs then filed an amended complaint that was substantially different. The filed amended complaint was only 12 pages long and was missing the "factual background" section that had appeared in the proposed amended complaint. The filed amended complaint included claims that the magistrate judge had ordered the Plaintiffs not to file. The filed amended complaint did not incorporate, by reference or otherwise, the factual allegations that were in the original complaint and in the proposed amended complaint.

---

amended complaint with prejudice. The Court's dismissal is a final order for purposes of § 1291. *See Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976).

3

The District Court noted that the Plaintiffs' filed amended complaint was "markedly different from its proposed amended complaint." *Acad. Hill, Inc. v. City of Lambertville*, No. 3:19-CV-00426, 2021 WL 754092, at *2 (D.N.J. Feb. 26, 2021). The Court essentially invited the Plaintiffs to fix the problem by pointing it out in the order granting the motion to dismiss, making the dismissal without prejudice, and allowing amendment within 30 days. The Court wrote: "[i]t is not clear to the Court, and [the] Plaintiffs provide no explanation, as to why Plaintiffs filed a significantly pared down version of the Amended Complaint which is only twelve pages in length . . . compared to the proposed amended complaint . . . . Further, at no point do Plaintiffs, at least not expressly, attempt to incorporate their previous pleadings." *Id.* The Court granted the motion to dismiss based on considering the Plaintiffs' filed amended complaint as the operative pleading.

The dismissal order included a clear statement that failing to amend within 30 days would lead to dismissal with prejudice. The Plaintiffs were invited to amend to allege facts sufficient to state a claim; the Plaintiffs declined the invitation and instead appealed.

On appeal, the Plaintiffs included in their appendix their original complaint and proposed amended complaint, but not the filed amended complaint that the District Court considered below. The Plaintiffs do not argue that the Court erred in declining to read their filed amended complaint as incorporating their previous pleadings. The Plaintiffs do not otherwise explain why they omitted their filed amended complaint from the appellate record.

The Plaintiffs have been given ample opportunity to amend their complaint or to explain why they chose to file an amended complaint with scant factual allegations. They

4

have declined the opportunity. We therefore assess only whether the Plaintiffs' filed amended complaint "set forth enough factual allegations to 'state a claim to relief that is plausible on its face,'" *Klotz*, 991 F.3d at 462, without consideration of the original and unfiled versions, *see W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (an "amended complaint 'supersedes the original [complaint] and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996))).

III

The Plaintiffs allege that the City of Lambertville deprived them of the ability to develop their land by passing a resolution that declared their property to be in an area in need of redevelopment. The Plaintiffs do not allege that the City has condemned the property, which would "constitute the 'clearest sort of taking.'" *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021) (citation omitted). The Plaintiffs instead argue that they are unable to develop the property because it is "frozen in limbo" between the resolution that the City passed and an eminent domain proceeding that it has not begun. Pl. Br. 9.

"The Fifth Amendment is violated" when a city "deprive[s] a landowner of all economically beneficial uses" of his or her land. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1018 (1992). "The mere enactment of legislation which authorizes condemnation of property," however, "cannot be a taking." *Danforth v. United States*, 308 U.S. 271, 286 (1939). The resolution authorized the City to "use all of the powers provided by the

5

Legislature for us[e] in the Redevelopment Area, including all and/or full power of eminent domain and/or condemnation to acquire any of the properties located within the designated area."[2]  District Ct. Dkt. 47-10.  The resolution did not require the City to condemn the Plaintiffs' property.  The Plaintiffs allege that the City has taken no steps to do so.  The resolution "may be repealed or modified, or appropriations [for redevelopment] may fail." *Danforth*, 308 U.S. at 286.

The Plaintiffs' allegation that they fear a taking, which may or may not occur, does not plausibly allege an unconstitutional taking without just compensation.  *Cf. United States v. Sponenbarger*, 308 U.S. 256, 267 (1939) (a landowners' "apprehension of future flooding [of her land]" did not give rise to a claim under the Takings Clause).  The filed amended complaint states only that "[o]n June 19, 2018, the City of Lambertville adopted Resolution Number 100-2018," "[s]aid Resolution constituted a taking of the Plaintiff's property without just compenssation," and "[t]he actions of the City of Lambertville have, are and continue to impose damages on the Plaintiffs."  Supp. App'x 3.  These conclusory allegations, without more, do not plausibly establish that the Plaintiffs have lost "all economically beneficial use[s]" of their property, or that a taking has occurred "based on 'a complex of factors,'" including "the economic impact of the regulation on the claimant" and "the extent to which the regulation has interfered with distinct investment-backed expectations."  *Murr v. Wisconsin*, 137 S. Ct. 1933, 1943 (2017) (quoting *Palazzolo v.*

---

[2] Resolution 100-2018 was referenced in the Plaintiffs' complaint and is a "matter[] of public record," and so this Court may consider it.  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1996).

*Rhode Island*, 533 U.S. 606, 617 (2001)); *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 124 (1978).

The Plaintiffs also allege that the City of Lambertville, Mayor DelVecchio, and the individual Jingoli defendants "entered in a conspiracy to deprive . . . Academy Hill . . . of its rights to develop its property." Supp App'x 9. The District Court construed the Plaintiffs' conspiracy allegation as "a claim under § 1983 for allegedly conspiring to violate Plaintiffs' substantive due process rights." *Acad. Hill, Inc.*, 2021 WL 754092, at *4.

To plausibly allege a conspiracy claim under § 1983, "a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). The Plaintiffs' filed amended complaint fails to meet this burden. The Plaintiffs assert that DelVecchio was simultaneously the mayor of Lambertville and an employee of Jingoli & Sons. Supp. App'x 9–10. The Plaintiffs allege among other things that "DelVecchio secreted his employment with Jingoli by purposely and deliberately providing false and misleading information on DelVecchio's State mandated disclosure form." *Id.* The Plaintiffs allege that Jingoli & Sons competed with Academy Hill in "the bidding, design and construction of publicly funded construction projects." *Id.* "On information and belief," the Plaintiffs allege, the Jingoli Defendants and Mayor DelVecchio conspired with the City to prevent the Plaintiffs from developing their property into residential housing. *Id.* at 11.

The filed amended complaint asserts what are, at most, "conclusory allegations that there was 'a corrupt conspiracy,' 'an agreement,' or 'an understanding in place between [the allegedly conspiratorial parties].'" *Great W. Mining & Min. Co.*, 615 F.3d at 178.

7

Conclusory allegations like these "are not entitled to an assumption of truth." *Id.* at 177

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The Plaintiffs have "not pleaded . . . facts that plausibly suggest a meeting of the minds" between the City, the Mayor, and the individual Jingoli Defendants, allegations needed to state a conspiracy claim.  *Id.* at 179.[3]

IV

For the foregoing reasons, we will affirm.

---

[3] The Plaintiffs have not challenged the District Court's decision declining to exercise supplemental jurisdiction.  Any argument in that regard is, therefore, forfeited. *See, e.g.*, *Barna v. Bd. of Sch. Dirs.*, 877 F.3d 136, 146 (3d Cir. 2017) (noting that we will not "reach arguments raised for the first time in a reply brief or at oral argument").