CLD-097                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2132
_____

MARK-BRIAN KLINE, Beneficial Owner,
Appellant

v.

ALIEN PROPERTY CUSTODIAN REPRESENTATIVE, Trustee
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Action No. 2:23-cv-00398)
District Judge: Honorable Michael E. Farbiarz
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect, Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B), or Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
March 19, 2026
Before: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed March 31, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mark-Brian Kline, proceeding pro se and in forma pauperis, appeals from the District Court judgment dismissing his complaint against the Alien Property Custodian Representative. We will summarily affirm.

I.

Kline filed a complaint in the District Court under the Trading with the Enemy Act (TWEA)—a 1917 statute designed, among other things, to allow the government to seize enemy property—seeking equitable relief from the Alien Property Custodian Representative. Though hard to follow, his complaint seems to allege that the United States government has long held property belonging to him, possibly since the Civil War because of his familial ties to the Confederate South, or possibly since his birth because of an alleged government scheme—known as "redemption theory"[1]—to use a strawman of Kline's persona to fulfill national debt obligations. He also objects to impending state court foreclosure proceedings against him.

The government filed a motion to dismiss, and the District Court granted the motion, reasoning that sovereign immunity deprived the Court of subject matter jurisdiction over Kline's claims. Kline filed an application for extension of time to amend

---

[1] Our Court has described "redemption theory" as a theory that "propounds that a person has a split personality: a real person and a fictional person called the 'strawman.' The 'strawman' purportedly came into being when the United States went off the gold standard in 1993, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name." *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (per curiam).

his complaint, followed by a motion to reopen his case with an amended claim.[2] Approving a Magistrate Judge's report and recommendation, the District Court denied Kline's motion to reconsider. Kline appealed both orders.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for lack of subject matter jurisdiction is plenary, *see Tobak v. Apfel*, 195 F.3d 183, 185 (3d Cir. 1999), and we review the District Court's denial of a Rule 59(e) motion for abuse of discretion. *See Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986). We may summarily affirm if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

The District Court properly concluded that it lacked jurisdiction over Kline's claims, because Kline's claims are barred by sovereign immunity. Kline sought to sue the Alien Property Custodian Representative pursuant to the TWEA, 50 U.S.C. § 4301, *et seq.*, relating to the impending foreclosure of his home. The Office of the Alien Property Custodian Representative that Kline seeks to sue no longer exists—it was abolished in 1966, and its functions were transferred to the United States Department of the Treasury. *See* Transferring Jurisdiction Over Certain Blocked Assets from the Attorney General to the Secretary of the Treasury, Exec. Order No. 11281, 31 Fed. Reg. 7215 (May 13,

---

[2] Though Kline referred to his motion as a motion to reopen, the District Court properly construed his motion as Rule 59(e) motion for reconsideration. *See Banister v. Davis*, 590 U.S. 504, 520 n.9 (2020) (discussing practice).

3

1966). In light of this, the District Court, reading Kline's complaint liberally as required, *see Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), interpreted Kline's complaint as a suit against the Department of the Treasury.

For a plaintiff to bring a suit against the United States government, the government must explicitly waive its sovereign immunity, and the plaintiff's claim must fall within the terms of the waiver. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Although the TWEA contains a waiver of the government's sovereign immunity, Kline's claim is barred because his claim doesn't fall within the terms of the waiver. *See* 50 U.S.C. § 4309(a). The TWEA authorizes a lawsuit when an individual seeks to reclaim "any interest, right, or title in any money or other property which may have been conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian or seized by him." *Id.* Here, Kline has failed to plausibly allege that the Alien Property Custodian (or the Department of the Treasury) has seized or otherwise received his property.

To the extent that Kline relies on "redemption theory" to allege that he is entitled to government-maintained property interest in a strawman persona of himself, such an argument is frivolous. *See United States v. Anzaldi*, 800 F.3d 872, 877–78 (7th Cir. 2015) (describing a litigant's motions that were predicated on redemption theory as frivolous). Nor does Kline's complaint allege that the federal government is somehow involved in his New Jersey foreclosure proceedings, which means his claim does not fall within the terms of the TWEA waiver. *See Tran Qui Than v. Regan*, 658 F.2d 1296, 1300–01 (9th Cir. 1981) (holding that a Court lacked jurisdiction under the TWEA where a plaintiff

4

failed to establish that his property was "conveyed, transferred, assigned, delivered or paid or otherwise seized by the United States government" (internal quotation marks omitted)). Accordingly, the District Court properly concluded that it lacked subject-matter jurisdiction over Kline's claims.

We discern no abuse of discretion in the District Court's denial of Kline's Rule 59(e) motion to reconsider and amend his complaint. *See Shifflett v. Korszniak*, 934 F.3d 356, 364 (3d Cir. 2019) (holding that denying leave to amend is reviewed for abuse of discretion). Where, as here, a plaintiff moves to amend his complaint under Rule 59(e), we apply the same factors as when a plaintiff seeks to amend a pleading under Federal Rules of Civil Procedure 15(a). *See Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021). Futility is an appropriate basis upon which to deny a Rule 15(a) motion. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011). Because Kline's amended claim did not address or resolve the jurisdictional issues identified in the District Court's dismissal order, the District Court properly concluded that amendment was futile and denied his motion. *See id.* ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (internal quotation marks omitted)).

Accordingly, we will summarily affirm the judgment of the District Court.

5