**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1937
_____


CANDACE MOYER,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,
                                        Appellant

v.

PATENAUDE & FELIX, A.P.C.


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-18-cv-04711)
District Judge: Honorable Joshua D. Wolson
_____


Submitted Under Third Circuit L.A.R. 34.1(a):
January 26, 2021

Before: RESTREPO, BIBAS, and PORTER,
*Circuit Judges*.

(Filed: March 16, 2021)
_____

Ari H. Marcus
Yitzchak Zelman
MARCUS & ZELMAN
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712

      *Counsel for Plaintiff-Appellant Candace Moyer*

Edward M. Koch
Marc L. Penchansky
WHITE & WILLIAMS
One Liberty Place, Suite 1800
1650 Market Street
Philadelphia, PA 19103

      *Counsel for Defendant-Appellee Patenaude &*
      *Felix, A.P.C.*

_____

OPINION OF THE COURT
_____

PORTER, *Circuit Judge*.

Candace Moyer brought a putative class action against Patenaude & Felix, A.P.C. under the Fair Debt Collection Practices Act ("FDCPA") after Patenaude sent her a collection letter inviting her to "eliminate further collection action" by calling Patenaude. Moyer claimed that this invitation to call

2

Patenaude (1) deceives debtors by making them think a phone call is a "legally effective" means of ceasing collection activity, and (2) makes debtors uncertain about their right to dispute a debt in writing. Moyer's claims fail, so we will affirm the District Court's grant of summary judgment in favor of Patenaude.

# I

Moyer failed to pay her credit-card debt, so the card issuer hired Patenaude to collect it. Patenaude sent Moyer a one-page, single-sided collection letter that stated the following:

> Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client. If you wish to eliminate further collection action, please contact us at 800-832-7675 ext. 8500.
>
> Unless you notify this office within THIRTY (30) days of receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.
>
> If you notify this office in writing within THIRTY (30) days of receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt, or a copy of a judgment against you, and mail you a copy of such verification or judgment. Further, if you make a written request upon this office

within THIRTY (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

App. 29.

Moyer sued Patenaude for violating the FDCPA. According to Moyer, the letter's second sentence—"[i]f you wish to eliminate further collection action, please contact us at 800-832-7675 ext. 8500" (the "Contact Sentence")—would deceive a debtor. Moyer argues that the Contact Sentence would lead a debtor to believe that a phone call is a "legally effective way to stop such collection action" when, in reality, only written communication can legally stop collection activity. Appellant's Br. 13. In addition, Moyer claimed that the Contact Sentence would make a debtor uncertain about her right to dispute the debt in writing.

The District Court disagreed with Moyer and granted summary judgment in favor of Patenaude. This timely appeal followed.

## II

The District Court had subject-matter jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo and apply the same standard employed by the District Court. *Pa. Dep't of Env't Prot. v. Trainer*

4

*Custom Chem., LLC*, 906 F.3d 85, 91 n.7 (3d Cir. 2018). Summary judgment is appropriate only if, after drawing all reasonable inferences in favor of the non-moving party, there exists "no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 770 (3d Cir. 2018) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(a)).

Whether Patenaude's collection letter violates the FDCPA is a question of law. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000).

**III**

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (quoting 15 U.S.C. § 1692(e)). "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b–1692j). The law authorizes private civil actions against debt collectors. 15 U.S.C. § 1692k(a).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (internal quotation marks omitted) (quoting

5

*Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). The parties dispute only the fourth element—whether Patenaude's collection letter violated a provision of the FDCPA.

When deciding if a debt-collection action violates the FDCPA, we employ the "least sophisticated debtor" standard. *Id.* at 418. "The standard is an objective one, meaning that the specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." *Id.* at 419. This standard "protects naive consumers, [but] also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson*, 225 F.3d at 354–55 (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)). Moyer relies on two provisions of the FDCPA in her suit against Patenaude.

*First*, under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e specifies several types of forbidden false communications and includes a catch-all provision that forbids "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10). "[A] collection letter 'is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Wilson*, 225 F.3d at 354 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).

6

*Second*, under 15 U.S.C. § 1692g, a debt collector must provide the consumer with a written notice containing the following:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Id.* § 1692g(a). "Paragraphs 3 through 5 of section 1692g(a) contain the validation notice [the "Validation Notice"]—the statements that inform the consumer how to obtain verification of the debt and that [s]he has thirty days in which to do so." *Wilson*, 225 F.3d at 353–54 (second alteration in original). As shown above, Patenaude provided the Validation Notice in the second and third paragraphs of its collection letter.

7

If a consumer follows § 1692g(a)(4) or (5) by writing to the debt collector to dispute the debt or to request the name of the original creditor, then § 1692g requires the debt collector to "cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and [these materials are] mailed to the consumer by the debt collector." *Id.* § 1692g(b). "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id.* A debt collector violates this provision if the contents of the letter cause the least sophisticated debtor to be "confused or mislead" as to her "rights to dispute or seek validation of the debt." *Wilson*, 225 F.3d at 353.

**A**

Moyer first contends that the letter is a deceptive means of debt collection in violation of § 1692e(10) because Patenaude indicated that a phone call was a "legally effective" means of stopping collection activity. Appellant's Br. 13. Section 1692g(b) requires a debt collector to "cease all collection efforts if the consumer provides written notice" that she disputes the debt. *Wilson*, 225 F.3d at 354. A phone call from a debtor would not legally require Patenaude to cease collection efforts. But, according to Moyer, Patenaude's invitation to "eliminate" collection action through a phone call would deceive a debtor into believing that the call would, by law, require collection efforts to cease.

8

Moyer's argument fails because Patenaude never claimed the phone call was a "legally effective" means of stopping collection efforts. Patenaude invited Moyer to call to "eliminate" collection action, but never asserted, explicitly or implicitly, that the phone call would, by law, force Patenaude to cease its collection efforts. Moyer reads into the invitation an implication that it does not create. For this reason, the district court decisions cited by Moyer are inapposite. They each involve a debt collector who *did* state that a phone call would legally require collection activity to cease. *See, e.g.*, *Langley v. Weinstein & Riley, P.S.*, No. H-12-1562, 2013 WL 2951057, at *5, 7–8 (S.D. Tex. June 14, 2013) (holding that a debtor collector's letter was deceptive when the letter stated that "the law requires [the debt collector] to suspend its [collection] efforts" if the debtor placed a phone call with the debt collector).

**B**

Moyer next contends that Patenaude's insertion of the invitation to call in the Contact Sentence before the Validation Notice causes confusion regarding how to pursue her rights contained in the Validation Notice. According to Moyer, when an invitation to call appears directly before an acknowledgment that the debtor can write to exercise her rights under § 1692g, the debtor would be left uncertain about whether she should call or write to exercise her rights.

Moyer sees confusion where none exists. The Validation Notice instructs the debtor to write to exercise their § 1692g rights, leaving no suggestions that a phone call would suffice. Likewise, the Contact Sentence does not suggest that a debtor could exercise any § 1692g rights over the phone. And the order of the paragraphs does not create confusion about

9

what each one conveys. *See Wilson*, 225 F.3d at 356 (holding that a paragraph demanding immediate payment of a debt that preceded a Validation Notice did not create "an actual or apparent contradiction" with the Validation Notice in violation of § 1692g).

\* \* \*

For the foregoing reasons, we will affirm the judgment of the District Court.