NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────────────

No. 20-2394

───────────────

KEVIN WUTHERICH,

Appellant

v.

RICE ENERGY INC. a/k/a
EQT RE LLC

───────────────

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00200)
District Judge: Honorable Cathy Bissoon

───────────────

Submitted under Third Circuit LAR 34.1(a)
On April 30, 2021

Before: PHIPPS, NYGAARD and ROTH, Circuit Judges

(Opinion filed: December 2, 2021)

───────────────

OPINION*

───────────────

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Kevin Wutherich sued his former employer, Rice Energy, Inc., for retaliation and discrimination. The District Court granted Rice's motions to dismiss and for summary judgment. We will affirm.

## I. Procedural History[1]

Wutherich's amended complaint contains five counts: (1) retaliation in violation of the Sarbanes-Oxley Act of 2002 (SOX); (2) retaliation in violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010; (3) age discrimination in violation of the Age Discrimination in Employment Act of 1967; (4) national origin discrimination in violation of Title VII of the Civil Rights Act of 1964; and (5) age and nationality discrimination in violation of the Pennsylvania Human Relations Act. The District Court dismissed Count Two and granted summary judgment on the remaining counts.[2] Wutherich appealed.

## II. Standard of review

We have jurisdiction under 28 U.S.C. § 1291. Our review of orders granting motions to dismiss and for summary judgment is plenary.[3]

## III. Motion to dismiss

A complaint states a claim if it "pleads factual content that allows the court to

---

[1] Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case.

[2] The District Court also denied Wutherich's motion for partial summary judgment. .

[3] *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021); *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 469 (3d Cir. 2021).

draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] Count Two does not do so.

The complaint alleges that Wutherich observed securities violations at Rice. He allegedly reported these violations to his superiors. Rice fired him in October 2016, which Wutherich claims was in retaliation for reporting the violations. Count Two seeks relief under 15 U.S.C. § 78u-6(h), which prohibits retaliation against whistleblowers for certain conduct. The statute defines a whistleblower as "any individual who provides . . . information relating to a violation of the securities laws to the [Securities and Exchange] Commission."[5] Because Wutherich did not provide information to the SEC until 2017, after his termination, "he did not qualify as a 'whistleblower' at the time of the alleged retaliation. He is therefore ineligible to seek relief under § 78u-6(h)."[6]

IV.     Motion for summary judgment

Summary judgment is appropriate if, viewing the facts in the light most favorable to Wutherich, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7]

a.     Wutherich's termination

Rice hired Wutherich in 2015. Wutherich's offer letter, which he signed, states that he could "not engage in any other business activities without [Rice's] prior

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[5] 15 U.S.C. § 78u-6(a)(6).
[6] *Digit. Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 778 (2018).
[7] Fed. R. Civ. P. 56(a).

approval."[8] Despite this commitment, Wutherich entered into a consulting agreement with another company, Drill2Frac. Wutherich told Rice that he was serving on Drill2Frac's Board of Advisors but did not disclose that Drill2Frac agreed to pay him.

In 2016, Rice instructed employees to disclose any conflicts of interest to Bruce Jenkins, the director of internal audits. Wutherich told Jenkins about his job with Drill2Frac and that he was being paid. Jenkins discovered, among other things, that Wutherich had contacted other companies about Drill2Frac. He reported these findings to Rice's executive team, including CEO Daniel Rice.

Daniel Rice determined that Wutherich violated Rice's conflict of interest policy by using Rice's confidential information to market Drill2Frac to Rice's competitors. He fired him for this reason. Wutherich is Canadian and a green card holder. He was 41 years old when Rice fired him. Rice replaced him with an internal candidate who was 29 and an American citizen.

b. Silver Creek and Ajayi's termination

In 2016, Rice issued a request for quotes for service providers. Wutherich gave a presentation to Babatunde Ajayi and Toby Rice about possible service providers. Ajayi owned an interest in Silver Creek, a possible provider that Rice already used. Wutherich recommended against using Silver Creek for certain, though not all, services. He thought there were better service providers. Wutherich claims he "insinuated" during the meeting that Rice used Silver Creek because of its relationship with Ajayi.[9] But he did not tell

---

[8] Supp. Appx. 71.
[9] Appx. 190, 192.

4

Ajayi or Rice that it was illegal to use Silver Creek, nor did he in fact believe that it was illegal. Wutherich also never told anyone that he believed Ajayi's relationship with Silver Creek should be disclosed in an SEC filing.

Rice later learned that Ajayi had an undisclosed conflict of interest with another service provider. On the same day that Rice fired Wutherich, it fired Ajayi because of the undisclosed conflict. Ajayi was 31 years old when he was fired and is an American citizen. Rice replaced him with person who is Canadian.

### c. Analysis

Wutherich sued under Section 806 of SOX, 18 U.S.C. § 1514A. To establish a prima facie case, Wutherich must show, among other things, that he "engaged in a protected activity."[10] To engage in a protected activity, an employee must have had "both a subjective and an objective belief that the conduct . . . relates to an existing or prospective violation of [certain federal laws]."[11] Here, however, Wutherich did not believe that Rice's use of Silver Creek violated federal law. Thus, he cannot establish this element of a prima facie case.[12]

The remaining counts allege age and national origin discrimination. In assessing

---

[10] *Wiest v. Lynch*, 710 F.3d 121, 129 (3d Cir. 2013) (quoting 29 C.F.R. § 1980.104(e)(2)(i)–(iv)).

[11] *Id.* at 134.

[12] Wutherich argued in the District Court that he was also a SOX whistleblower because he reported information about Jeff Lo and EOG Data. But he has abandoned that argument on appeal, so we do not address it.

5

these claims, we use the familiar *McDonnell Douglas* burden shifting framework.[13]  If Wutherich can establish a prima facie case of discrimination, the burden shifts to Rice to show that it fired him for a legitimate, nondiscriminatory reason.[14]  If Rice does that, the burden shifts back to Wutherich to show that the proffered reason is pretextual.[15]

Even if Wutherich could establish a prima facie case, Rice points to a legitimate, nondiscriminatory reason for firing him:  the undisclosed side job with Drill2Frac. Wutherich has not shown that this reason was pretextual.  Rice fired Ajayi the same day as Wutherich, also for an undisclosed conflict of interest.  Ajayi was younger than Wutherich and an American citizen.  Rice replaced him with a person who, like Wutherich, is Canadian.  All this suggests that Wutherich's side job was the real reason for his termination.  Wutherich does not point to any record evidence that undercuts this conclusion.

## V.    Conclusion

For the reasons stated above, we will affirm the District Court's order of dismissal of Count Two and grant of summary judgment on the remaining counts.

---

[13] *See Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009) (age discrimination); *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 763 (3d Cir. 2004), *as amended* (Dec. 20, 2004) (national origin discrimination); *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (state law claims).

[14] *Smith*, 589 F.3d at 689.

[15] *Id.*