NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3019
_____

JOSEPH FEHL,
Appellant

v.

BOROUGH OF WALLINGTON; WITOLD BAGINSKI, in his individual
and official capacity as Business Administrator of Wallington;
SEAN KUDLACIK; BERGEN COUNTY PROSECUTORS OFFICE; JOHN
AND JANE DOE 1-10 fictitious persons yet to be identified
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:17-cv-11462)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 18, 2022

Before: GREENAWAY, JR., MATEY, and ROTH, *Circuit Judges.*

(Filed: January 25, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not
constitute binding precedent.

MATEY, *Circuit Judge*.

Joseph Fehl sued the Borough of Wallington; Witold Baginski, the Borough's former business administrator; and Sean Kudlacik, a captain in the Borough's police department, alleging civil rights violations. Finding no material facts in dispute, the District Court granted the Defendants' motions for summary judgment. Seeing no error in that decision, we will affirm.

## I.

Fehl served as a volunteer EMT and firefighter for the Borough of Wallington. He filed for worker's compensation, claiming he was "hit by [a] car" during an emergency response. App. 123. Kudlacik conducted an investigation that raised questions about Fehl's story, as it found no physical evidence, no indication of serious injury, and no vehicle matching the description Fehl provided. Nor did video from the scene show any vehicles in the area where the accident allegedly occurred. As a result, Fehl was indicted for criminal insurance fraud and tampering with public records. Following trial, a jury acquitted him of those charges.

Based on the acquittal, Fehl sued Baginski, Kudlacik, the Borough, and the Bergen County Prosecutor's Office, asserting several claims arising from his arrest and

prosecution.[1] The District Court granted the Defendants' motions for summary judgment, concluding their acts were supported by probable cause. Finding no error, we will affirm.[2]

**II.**

Summary judgment is proper if, after drawing all reasonable inferences in favor of the nonmoving party, "there is no genuine dispute as to any material fact," and the moving party "is entitled to judgment as a matter of law." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 770 (3d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). Our inquiry is whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Fehl challenges two aspects of the District Court's decision and we see no error in either conclusion.

**A.     Probable Cause**

Fehl argues that a reasonable jury could have concluded Kudlacik lacked probable cause to investigate his employment claim. Probable cause exists when there is a "fair probability" that the person to be arrested committed the crime. *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 467 (3d Cir. 2016) (internal citations omitted). In other words, "the facts and circumstances within the arresting officer's knowledge [must be] sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d

---

[1] Fehl's complaint alleged false arrest, malicious prosecution, inadequate training or supervision, abuse of process, free speech retaliation, and municipal liability.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo. *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 469 (3d Cir. 2021).

Cir. 1995)). Police officers are not required to "correctly resolve conflicting evidence," and their determinations of credibility need not, in retrospect, be accurate. *Wright v. City of Phila.*, 409 F.3d 595, 603 (3d Cir. 2005). For those reasons, probable cause is "not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014).

Drawing all reasonable inferences in Fehl's favor, we see no error in the District Court's analysis. The facts known to Kudlacik at the time of Fehl's arrest provided a sufficient basis to doubt Fehl's credibility and to believe he committed the charged crimes. Contrast, for instance, Fehl's statement in his benefits application that he was struck by a car, with the absence of any corroborating physical evidence. Or take Fehl's claim that he suffered nerve damage from the accident—an injury that, according to a responding EMS lieutenant, conflicts with the extent and type of physical harm a victim would typically suffer in a hit-and-run. And Fehl changed his story, first claiming that a vehicle hit him, then conceding that he might have merely tripped and fallen. These facts are sufficient to find probable cause.

That finding of probable cause is not negated by the jury verdict. Though Fehl argues that his acquittal created a genuine dispute of material fact, "the mere fact that [a defendant] is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Indeed, the "kinds and degree of proof" necessary to secure a defendant's criminal conviction "are not prerequisites to a valid arrest" in the first instance. *Id.* (citing *Gerstein v. Pugh*, 420 U.S. 103, 119–23 (1975); *Brinegar v. United States*, 338 U.S. 160, 174–76 (1949)). Guilt in a criminal case must be proven beyond a reasonable doubt, a standard enforced by the rules

of evidence. *Brinegar*, 338 U.S. at 174. But probable cause imposes no such burden on the Government—rather, it demands that police officers find merely a "fair probability" that a crime was committed. *Dempsey*, 834 F.3d at 467. That standard was satisfied at the time of Fehl's arrest, and the jury's verdict does not alter that finding.

## B. Constitutional Violations

Fehl contends that Baginski, as Borough administrator, infringed Fehl's First and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. Fehl alleges that Baginski concocted a scheme to force Fehl to submit his worker's compensation claim, directed a third-party administrator not to pay the benefits, and conspired with Kudlacik to launch a police investigation. Even if true, these allegations cannot state a constitutional claim.

First, Fehl did not show his constitutional rights were violated. To state a First Amendment claim for retaliatory arrest or retaliatory prosecution, a plaintiff must plead and prove the lack of probable cause for the criminal charge. *See Hartman v. Moore*, 547 U.S. 250, 265–66 (2006) (requiring that an absence of probable cause be pleaded and proven by plaintiff in retaliatory prosecution claims); *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727–28 (2019) (stating that probable cause defeats retaliatory arrest claims, except in "narrow" circumstances "where officers have probable cause to make arrests, but typically exercise their discretion not to do so"). Fehl's arrest and prosecution were supported by probable cause.

Second, even assuming a First Amendment claim, § 1983 requires the defendant's "direct and personal involvement in the alleged [constitutional] violation." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). Accordingly, Fehl must show that

5

Baginski participated in, directed, or acquiesced to retaliation. *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995).

Fehl claims Baginski used "his official position" to require a written injury report, and then contacted the risk manager to advise that Fehl's claim was under investigation. Opening Br. 17. But submitting a written summary of a job-related injury is standard Borough practice. And Baginski affirmed he had no role in investigating, or directing any risk manager in the investigation of, any injury claims, including Fehl's. Nor did Baginski, as Fehl concedes, direct Kudlacik or anyone else to arrest Fehl. Fehl has not made the necessary showing of "direct and personal involvement" for a § 1983 claim.

## III.

For these reasons, we will affirm the order of the District Court.