**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1175
_____

K. G.; B. G.,

Appellants

v.

OWL CITY; ADAM YOUNG; DANIEL JORGENSEN; SKY HARBOR TOURING,
INC.; SKY HARBOR ENTERTAINMENT, INC.; ABC COMPANIES 1-10 (said names
being fictitious and unknown); JOHN DOES 1-10 (said names being fictitious and
unknown); DEF COMPANIES 1-10 (said names being fictitious and unknown)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:17-cv-08118)
District Judge: Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 14, 2025
_____

Before: SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Filed: June 4, 2025)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

**MATEY**, *Circuit Judge*.

Adam Young is a musician who performs as Owl City. He established Sky Harbor Entertainment and Sky Harbor Touring for management and promotion. Sky Harbor Touring hired Daniel Jorgensen. Jorgensen met K.G. at an Owl City concert in 2012 when she was a 13-year-old minor and spent the next year grooming her with sexually explicit messages. Jorgensen's abuse turned physical in 2013 when he sexually assaulted K.G.[1] After K.G. shared details of Jorgensen's abuse on social media, Young fired Jorgensen. Jorgensen later pleaded guilty to a state charge of lewdness.

K.G. and her mother, B.G., filed suit against Jorgensen, Young, Owl City, and the Sky Harbor entities. The claims against Jorgensen settled. And the District Court granted the remaining Defendants' motion for summary judgment, reasoning that Plaintiffs could not succeed on their negligence claims because Defendants did not owe K.G. a duty of care.

We see no error in that decision.[2] "A prerequisite to recovery on a negligence theory is a duty owed by defendant to plaintiff." *Strachan v. John F. Kennedy Mem'l Hosp.*, 538 A.2d 346, 349 (N.J. 1988). Under New Jersey law, whether such a duty exists is a question of "fairness and policy that implicates many factors." *Carvalho v. Toll Bros.*

---

[1] Jorgensen disputed this allegation when he was still a party to this lawsuit. Because the remaining Defendants accept this allegation as true, we do the same.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo," *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 469 (3d Cir. 2021), and its evidentiary ruling for abuse of discretion, *Cohen v. Cohen*, 125 F.4th 454, 459 n.2 (3d Cir. 2025).

*& Devs.*, 675 A.2d 209, 212 (N.J. 1996). But those factors are only considered if the plaintiff satisfies the "threshold" requirement of establishing that "the harm to the plaintiff was foreseeable." *Holm v. Purdy*, 285 A.3d 857, 870 (N.J. 2022). The analysis ends if the harm was not foreseeable because a "foreseeable risk is the indispensable cornerstone of any formulation of a duty of care." *Dunphy v. Gregor*, 642 A.2d 372, 376 (N.J. 1994).

The District Court found that Defendants lacked knowledge of "Jorgensen's proclivity for engaging in inappropriate relationships with minors," making the risk of harm from such conduct unforeseeable. *K.G. v. Owl City*, No. 1:17-CV-8118, 2023 WL 3735891, at *9 (D.N.J. May 31, 2023). Plaintiffs point to a comment posted to a social media website alleging that Jorgensen solicited nude photographs from another minor, but nothing in the record suggests that Defendants saw the comment. And Plaintiffs allege Young was present on one occasion when Jorgensen spoke with K.G., but there is nothing suggesting Young knew Jorgensen was speaking with a minor. We agree with the District Court that this evidence was insufficient to defeat summary judgment.

In the alternative, Plaintiffs argue that Defendants could have foreseen that some unspecified Owl City member would victimize an underage fan, citing general trends in popular culture and entertainment. But New Jersey courts have never carved out a separate legal standard for torts in the music industry, and we decline to create such a standard. *See generally City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 421 (3d Cir. 2002) ("[I]t is not the role of a federal court to expand state law in ways not foreshadowed by state precedent.").

For these reasons, we agree with the District Court that Defendants did not owe K.G. a duty of care.[3] So we will affirm.

---

[3] We see no abuse of discretion in the District Court's decision to exclude expert testimony that was "plainly unsupported by the record." *K.G.*, 2023 WL 3735891, at *6; *see Elcock v. Kmart Corp.*, 233 F.3d 734, 756 n.13 (3d Cir. 2000).